**Law Offices of MICHAEL D. KWASIGROCH Esq. #**134227
1975 Royal Ave #4 Simi Valley CA 93065
Simi Valley, California 93065
(805) 522-1800

Attorney for Svetlana Buzina

United States bankruptcy Court

Central District of California

| | |
|---|---|
| In Re the bankruptcy of | Case no. 1:21-bk-10263-MT |
| Svetlana Buzina | **NOTICE OF REMOVAL OF STATE COURT CASE BC675265** |
| ——————- | |
| Removed action: LASC CASE NO BC675265 Svetlana Buzin, Arkady Buzin, Plaintiffs vs. Charles Street Investments, Inc., a Wyoming Corporation; Charles Street Investment, LLC, an unknown entity; Inaam Rasheed Naeem, an individual, Shahid Naeem, an individual, Cardenas Three LLC, a California Limited Liability Company, and does 1-50. | |

NOTICE IS HEREBY GIVEN THAT the state court case entitled as set forth above

Superior Court Case no BC675265, is hereby removed to this bankruptcy court, by Svetlana Buzina in this action.

1
Notice of removal

In support of this removal, party and debtor Svetlana Buzina hereby alleges as follows:

1. Debtors filed a petition under chapter 13 in the within case on 2-18-21.

2. Pending at the time was the case:

BC675265
Svetlana Buzin, Arkady Buzin,
Plaintiffs
vs.
Charles Street Investments, Inc., a Wyoming Corporation; Charles Street Investment, LLC, an unknown entity; Inaam Rasheed Naeem, an individual, Shahid Naeem, an individual, Cardenas Three LLC, a California Limited Liability Company, and does 1-50. Superior Court Case no. BC675265

3. Debtor Svetlana Buzina is a party, that is, a Plaintiff to the underlying state court proceeding.

5. The operative complaint under the state case is attached under FRBP 9027.

6. Removing party Svetlana Buzina alleges this is a core proceeding as it involves a dispute over a claim against the debtor, and further involves issues of the debtor's home which is or would be property of the estate.

7. As the state court action was pending when the within bankruptcy was filed, this notice of removal is filed within 30 days of any order granting relief from stay, which has never been obtained and no such order entered, as such, this removal is timely pursuant to FRBP 9027, as having been filed on the same day the petition in bankruptcy herein was filed.

8. Removing party Svetlana Buzina does seek a jury trial and does not, at this time, stipulate to all relief being granted by a bankruptcy judge.

9. This court has jurisdiction due to the bankruptcy which is pending, under **28 U.S.C. § 1334, 28 U.S.C. § 1452,** Bankruptcy Rule 9027, and Title 11, the bankruptcy Code, of the United States Code, and other provisions of the laws of the United States of America, subject to proof if necessary.

Notice of removal

10. The within removed action is a civil case over a dispute resulting from improper sale of the debtor's house. As such, this is an action to determine the rights in said property and so Svetlana Buzina, a party, hereby alleges this is a core proceeding.

11. The state court also is subject to issues relating to the automatic stay raising federal issues in the case and making removal proper.

Wherefore, Svetlana Buzina and removing party prays this court adjudicate all of these claims and all related issues to finality, and for such other and further relief as the court deems just and proper.

Date: 7-16-21

MICHAEL D. KWASIGROCH Esq.

Notice of removal

● **ORIGINAL** ●

Arthur Grebow, Esq. (SBN 41374)
Julie H. Rubin, Esq. (SBN 149423)
GREBOW & RUBIN, LLP
16133 Ventura Boulevard, Suite 260
Encino, California 91436
Tel: (818) 783-1100
Fax: (818) 783-1103
Emails: agrebow@grebowrubinlaw.com
jrubin@grebowrubinlaw.com

**FILED**
Superior Court of California
County of Los Angeles

NOV 22 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Raul Sanchez

Attorneys for Plaintiffs SVETLANA BUZINA and ARKADY BUZIN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

SVETLANA BUZINA, ARKADY BUZIN,

Plaintiffs,

vs.

CHARLES STREET INVESTMENTS INC., a Wyoming Corporation; CHARLES STREET INVESTMENT, LLC, an unknown entity; INAAM RASHEED NAEEM, an individual; SHAHID NAEEM, an individual; CARDENAS THREE, LLC, a California Limited Liability Company; and DOES 1 through 50

Defendants.

CASE NO.  BC675265

**FIRST AMENDED VERIFIED COMPLAINT FOR:**

1. QUIET TITLE; 2. RESCISSION UNDER HOME EQUITY SALES CONTRACT ACT; 3. DAMAGES FOR VIOLATION OF HOME EQUITY SALES CONTRACT ACT; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW

DATE ACTION FILED:  September 8, 2017
TRIAL DATE:  N/A

Plaintiffs SVETLANA BUZINA and ARKADY BUZIN, allege as follows:

60047 20171121 1STAMCOMPLAINT.docx                1

FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW

## PARTIES

1.    At all times herein mentioned, Plaintiffs SVETLANA BUZINA and ARKADY BUZIN were and are husband and wife and were residents of the County of Los Angeles, State of California.

2. Plaintiffs were born in Russia and immigrated to the United States in or about 2010. Plaintiffs are fluent in the Russian language and read English with great difficulty.

3.    At all times herein mentioned, since 2012, Plaintiffs owned and were residing at that certain real property which street address and common designation, if any, is: 19237 Charles Street, located in the City of Tarzana, County of Los Angeles, State of California (the "Subject Property") and is legally described as Lot 75 Of Tract No. 2605, In The City Of Los Angeles, County Of Los Angeles, State Of California. (See Exhibit "A", a true and correct copy of Grant Deed dated October 12, 2012, recorded November 14, 2012 as Instrument No. 20121725142 in the Official Records of Los Angeles County attached hereto and incorporated herein by reference.)

4.    Plaintiffs are informed and believe and upon such information and belief allege that at all times herein mentioned Defendant CHARLES STREET INVESTMENTS INC. was a Wyoming Corporation, with its principle place of business in the State of California. At all times mentioned herein, CHARLES STREET INVESTMENTS INC. was and is an Equity Purchaser as that term is defined in *Civil Code* §1695.1.

5.    Plaintiffs are informed and believe and upon such information and belief allege, that at all times herein mentioned Defendant CHARLES STREET INVESTMENT, LLC, was and is a business, form unknown, qualified to do business in the State of California. At all times mentioned herein, CHARLES STREET INVESTMENT, LLC, was and is an Equity Purchaser as that term is defined in *Civil Code* §1695.1.

60047 20171121 1STAMCOMPLAINT.docx                2

**FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW**

6.    At all times herein mentioned Defendant INAAM RASHEED NAEEM was a resident of the County of Los Angeles, State of California.

7.    Plaintiffs are informed and believe and upon such information and belief allege that at all times herein mentioned Defendant SHAHID NAEEM was a resident of the County of Los Angeles, State of California and was a real estate broker duly licensed as such by the State of California, Department of Real Estate.

8.    At all times herein mentioned, Defendant SHAHID NAEEM was a fiduciary of Plaintiffs and owed a fiduciary duty to Plaintiffs.

9.    Plaintiffs are informed and believe and upon such information and belief allege that at all times herein mentioned Defendant CARDENAS THREE, LLC, is a California Limited Liability Company, with its principle place of business in the County of San Bernardino, State of California.

10.    Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as Doe 1 through 50, inclusive, and, therefore, sue such Defendants by such fictitious names.  Plaintiffs will amend this Complaint to state their true names and capacities when the same have been ascertained.  Plaintiffs are informed and believe and upon information and belief allege that each of such fictitiously named Defendant is sued as principal, agent, servant and employee and was, at all times herein mentioned, acting within the scope of its agency and employment, in concert with and with the consent of all of the other Defendants.

11.    Plaintiffs are informed and believe and upon such information and belief allege that at all times herein mentioned Defendants, and each of them, were the principals, agents, servants, employees and co-conspirators of the remaining Defendants, and were at all times acting within the purpose and scope of such agency and employment.

**ALTER EGO ALLEGATIONS**

60047 20171121 1STAMCOMPLAINT.docx          3

**FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW**

12. Plaintiffs are informed and believe and thereon allege that some of the corporations, limited liability companies, and entities named as Defendants herein, including but not limited to CHARLES STREET INVESMTNS LLC., and CHARLES STREET INVESTMENTS, INC., a Wyoming corporation, and DOES 1 through 100, (hereinafter occasionally collectively referred to as the "ALTER EGO CORPORATIONS"), and each of them, were at all times relevant the alter ego corporations of individual Defendants SHAHID NAEEM and INAAM RASHEED NAEEM by reason of the following:

   a) Plaintiffs are informed and believe and thereon allege that said individual defendants, at all times herein mentioned, dominated, influenced and controlled each of the ALTER EGO CORPORATIONS and the officers thereof as well as the business, property, and affairs of each of said corporations.

   b) Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, there existed and now exists a unity of interest and ownership between said individual defendants and each of the ALTER EGO CORPORATIONS; the individuality and separateness of said individual defendants and each of the ALTER EGO CORPORATIONS have ceased.

   c) Plaintiffs are informed and believe and thereon allege that, at all times since the incorporation of each, each ALTER EGO CORPORATION has been and now is a mere shell and naked framework which said individual defendants used as a conduit for the conduct of their personal business, property and affairs.

   d) Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each of the ALTER EGO CORPORATIONS was created and continued pursuant to a fraudulent plan, scheme and device conceived and operated by said individual Defendants SHAHID NAEEM and

60047 20171121 1STAMCOMPLAINT.docx      4

INAAM RASHEED NAEEM, whereby the income, revenue and profits of each of the ALTER EGO CORPORATIONS were diverted by said individual Defendants to themselves.

e) Plaintiffs are informed and believe and thereon alleges that, at all times herein mentioned, each of the ALTER EGO CORPORATIONS was organized by said individual defendants as a device to avoid individual liability and for the purpose of substituting financially irresponsible corporations in the place and stead of said individual defendants, and each of them, and accordingly, each ALTER EGO CORPORATION was formed with capitalization totally inadequate for the business in which said corporation was engaged.

f) Plaintiffs are informed and believe and thereon allege that each ALTER EGO CORPORATION is insolvent.

g) By virtue of the foregoing, adherence to the fiction of the separate corporate existence of each of the ALTER EGO CORPORATIONS would, under the circumstances, sanction a fraud and promote injustice in that Plaintiffs would be unable to realize upon any judgment in their favor.

13. Plaintiffs are informed and believe and thereon allege that, at all times relevant hereto, the individual defendants SHAHID NAEEM and INAAM RASHEED NAEEM and the ALTER EGO CORPORATIONS acted for each other in connection with the conduct hereinafter alleged and that each of them performed the acts complained of herein or breached the duties herein complained of as agents of each other and each is therefore fully liable for the acts of the other.

## VENUE AND JURISDICTION

14. Venue is proper in this Court, as the Subject Property is located within its Jurisdiction.

60047 20171121 1STAMCOMPLAINT.docx        5

**FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW**

## FACTUAL ALLEGATIONS

15. On or about January 11, 2017, a Notice of Default and Election to Sell Under Deed of Trust was recorded in Los Angeles County, California against the Subject Property by Scorpion Investments, LLC, under a Deed of Trust dated October 15, 2015 in the amount of $350,000.

16. As a result of said Notice of Default, Plaintiffs listed the Subject Property for sale with a licensed real estate agent.

17. In January or February 2017, Plaintiffs were contacted by SHAHID NAEEM. He had learned that Plaintiffs were in default on a loan against the subject residential property, and discussed with them the possibility of losing their home. He informed them that he was a broker/real estate agent, and could immediately arrange for a buyer to buy the Subject Property at a higher price than the price that was being offered through their existing agent. He also informed them that he was a prior owner of the Subject Property, and knew that the property was larger in size than reflected in county records, which would allow it to be marketed for a substantially higher price than the currently listing price.

18. Based upon the foregoing representations and with the assistance of SHAHID NAEEM, Plaintiffs terminated their listing agreement with their then listing agent.

19. On or about March 23, 2017, Plaintiffs signed a Seller's Listing Agreement with SHAHID NAEEM. Pursuant to said Agreement, SHAHID NAEEM had the exclusive right to market, solicit and negotiate for the disposition of the Subject Property through sale, exchange or option for the listing period beginning March 26, 2017 and terminating on September 25, 2017. Plaintiffs agreed to list the property for $1,800,000 and Plaintiffs agreed to pay SHAHID NAEEM a commission of 6% of the purchase price. A copy of said Agreement is attached hereto as Exhibit "B" and incorporated herein by reference.

60047 20171121 1STAMCOMPLAINT.docx                6

**FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW**

20. On or about March 23, 2017, SHAHID NAEEM presented an offer in which a buyer would purchase the Subject Property for $1,800,000 giving Plaintiffs the option to continue to live in the property, and to invest their equity from the proceeds from the current sale of the property, for improvements and updates.

21. On or about April 17, 2017, a Notice of Trustee's Sale was recorded on the Subject Property in the County of Los Angeles. Pursuant to the Notice of Trustee's Sale, the Subject Property was to be sold at a public auction on May 8, 2017. A copy of said Notice of Trustee's Sale is attached hereto as Exhibit "C" and incorporated herein by reference.

22. On or about April 9, 2017, Plaintiffs accepted a written offer and signed a home Purchase Agreement as prepared by SHAHID NAEEM. The buyer was identified as CHARLES STREET LLC, AND/OR ASSIGNS, who was the equity purchaser under that contract, for a purchase price of $1,800,000. Plaintiffs are informed and believe that INAAM RASHEED NAEEM signed the Purchase Agreement for CHARLES STREET LLC, AND/OR ASSIGNS. This was the first time that Plaintiffs learned that the buyer was related to the broker, SHAHID NAEEM. A copy of the Purchase Agreement is attached hereto as Exhibit "D" and incorporated by reference.

23. SHAHID NAEEM acted as a dual agent, representing both Plaintiffs and the buyer. Confirmation of the agency relationship is set forth in paragraph 16 of the Purchase Agreement. As Plaintiffs' agent, SHAHID NAEEM owed Plaintiffs a fiduciary duty of utmost care, integrity, honesty and loyalty to Plaintiffs.

24. On or about April 13, 2017, SHAHID NAEEM prepared an Equity Sharing Addendum signed by Plaintiffs on April 13, 2017 and Defendant Shahid Naeem on April 14, 2017. A copy of the Equity Sharing Addendum is attached hereto as Exhibit "E" and incorporated herein by reference.

25. The Equity Sharing Addendum stated the following:

"2.4    Arkady Buzin and Svetlana Buzina, Husband and Wife, to invest up to Four Hundred Thousand Dollars (up to

60047 20171121 1STAMCOMPLAINT.docx    7

**FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW**

$400,000.00) in the buying entity hereinafter referred to as "The LLC".

The LLC, in its sole discretion, is to spend up to Two Hundred Thousand Dollars ($200,000.00) in order to improve and update and enhance the property and list it with Shahid Naeem for immediate sale. Any and all sale proceeds to be shared as follows:

1)   Any and all expenses including but not limited to repairs, updating, loans and encumberences, holding costs shall be paid out. 2) Original investment of the Seller to be paid next. 3) Any and all profits or losses shall be shared at 20% to the Seller and 80% to the LLC. 4) If the Buzin's investment is more or less than the above stated amount, the net proceeds after the sale shall be prorated accordingly."

26.   On or about May 4, 2017, Plaintiffs were presented with Amended Escrow Instructions, which provided that the Buyer, now identified as CHARLES STREET INVESTMENTS INC., a Wyoming Corporation, would obtain a new loan in the amount of $1,560,000 secured by a first deed of trust in favor of CARDENAS THREE, LLC. Said Amended Escrow Instructions further provided that CHARLES STREET INVESTMENTS INC. would also obtain a second deed of trust in the amount of $100,000 in favor of Plaintiffs, payable 60 days after the close of escrow if they moved out of the property, and a third deed of trust in the amount of $300,000 in favor of Plaintiffs payable 36 months after the close of escrow. A copy of said Amended Escrow Instructions are attached hereto as Exhibit "F" and incorporated herein by reference.

27.   The Amended Escrow Instructions stated in part:

"The parties hereto acknowledge that Shahid Naeem, broker/real estate agent is related to Inaam Rashid Naeem of Charles Street Investments Inc., a Wyoming corporation, and is also receiving commission as an agent/broker."

Prior to said Amended Escrow Instructions, Plaintiffs had no knowledge of the relationship between SHAHID NAEEM and INAAM RASHEED NAEEM of CHARLES STREET INVESTMENTS INC. or CHARLES STREET INVESTMENTS, LLC.

60047 20171121 1STAMCOMPLAINT.docx                8

FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW

28.    With the pending Trustee Sale date of May 8, 2017, and believing that they had no other choice, Plaintiffs signed the Amended Escrow Instructions and related documents so that the sale could close prior to the date set for the Trustee Sale. Plaintiffs are informed and believe that INAAM RASHEED NAEEM signed the Amended Escrow Instructions for CHARLES STREET INVESTMENTS INC.

29.    On or about May 4, 2017, Plaintiffs also executed a Grant Deed in favor of CHARLES STREET INVESTMENTS INC. Said Grant Deed was recorded May 5, 2017, as Instrument No. 20170504869. A full, true and correct copy of said Grant Deed is attached hereto, marked Exhibit "G" and incorporated herein by reference.

30.    Plaintiffs are informed and believe and thereon allege that some time thereafter, CHARLES STREET INVESTMENTS INC. granted a first deed of trust in favor of Defendant CARDENAS THREE, LLC, which is the current beneficiary thereof in the amount of $1,560,000.

31.    On May 8, 2017, escrow closed for the purchase price of $1,800,000. After the payment of outstanding loans, a commission of $108,000 to SHAHID NAEEM, and other escrow costs, Defendants received ownership of Plaintiffs' equity in the property in the amount of $400,000. A true and correct copy of the Escrow Closing Statement is attached hereto as Exhibit "H" and incorporated herein by reference.

32.    After the close of escrow, CHARLES STREET INVESTMENTS INC did not make any improvements or updates to the property in order to resell it. Defendant CHARLES STREET INVESTMENTS INC. has not paid any sums of money to Plaintiffs in accordance with the terms of the Second Deed of Trust. As a result, Plaintiffs have been unable to vacate the property.

33.    In July 2017, CHARLES STREET INVESTMENTS INC., through SHAHID NAEEM caused to be mailed a Notice of Breach of Agreement, as well as a document titled Notice to Perform Covenant (Cure) or Quit seeking the payment of $62,500. SHAHID NAEEM has also attempted to gain entry into the property for

60047 20171121 1STAMCOMPLAINT.docx                    9

FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW

purposes of showing it to allegedly prospective purchasers. A copy of said Notice is attached hereto as Exhibit "I" and incorporated herein by reference.

34.    On August 3, 2017, Plaintiffs notified Defendants of their belief that the Purchase Agreement and Addendum did not meet the requirements set forth in *Civil Code* §1695, *et. seq.*, offered to return the consideration received and sought a resolution of their claims. A copy of said notification is attached hereto as Exhibit "J" and incorporated herein by reference.

35.    Having no response, Plaintiffs caused to be recorded a Notice of Rescission in the Los Angeles County Recorders Office on August 19, 2017. A copy of said Notice of Rescission is attached hereto as Exhibit "K" and incorporated herein by reference.

///
///
///
///

### FIRST CAUSE OF ACTION
### FOR QUIET TITLE
**(By Plaintiffs SVETLANA BUZINA and ARKADY BUZIN,**
**Against All Defendants, and Does 1-50)**

36.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 33 as though fully set forth herein.

37.    As of December 2016, Plaintiffs were homeowners whose residence was in foreclosure.

38.    On or about April 9, 2017, Plaintiffs signed a home Purchase Agreement as prepared by their real estate broker, SHAHID NAEEM, with CHARLES STREET INVESTMENT, LLC, AND/OR ASSIGNS, who was the equity purchaser under that contract, for a purchase price of $1,800,000. Plaintiffs are informed and believe that

60047 20171121 1STAMCOMPLAINT.docx                10

**FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3.
DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH
OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8.
VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW**

INAAM RASHEED NAEEM signed the Purchase Agreement for CHARLES STREET INVESTMENT, LLC, AND/OR ASSIGNS.

39.    On or about April 14, 2017, Plaintiffs also signed an Equity Sharing Addendum to said Purchase Agreement as prepared by SHAHID NAEEM.  Plaintiffs are informed and believe that INAAM RASHEED NAEEM signed said Equity Sharing Addendum for CHARLES STREET INVESTMENT, LLC, AND/OR ASSIGNS.

40.    None of the contracts prepared by SHAHID NAEEM with CHARLES STREET INVESTMENT, LLC, AND/OR ASSIGNS, and/or INAAM RASHEED NAEEM, who are the Equity Purchasers, meets the requirements set forth in *Civil Code* §1695, *et seq.*, governing Home Equity Sales Contracts.  The terms of the Purchase Agreement and Equity Sharing Addendum did not include various disclosure required for a home equity sales agreement, including but not limited to, a provision advising of the right of cancellation in accordance with *Civil Code* §1695.4.  Further, the Purchase Agreement and Equity Sharing Addendum were not accompanied by a completed form captioned "Notice of Cancellation" in accordance with *Civil Code* §1695.4.

41.    Plaintiffs are informed and believe that the buyer, CHARLES STREET INVESTMENT, LLC, AND/OR ASSIGNS, which was an entity, did not intend to use the Subject Property as a personal residence.

42.    As part of the escrow, Plaintiffs are informed and believe that CHARLES STREET INVESTMENT, LLC, an unknown entity, and/or CHARLES STREET INVESTMENTS INC. and/or INAAM RASHEED NAEEM obtained a loan in the amount of $1,560,000 secured by a First Deed of Trust on the Subject Property in favor of CARDENAS THREE, LLC, as beneficiary.

43.    Because Defendants contracts do not comply with the terms set forth in *Civil Code* §1695, *et seq.*, governing Home Equity Sales Contracts, Plaintiffs are entitled to rescind the sale and are entitled to recover damages and attorneys fees. CARDENAS THREE, LLC, is not and was not a bona fide encumbrancer for value, had notice of the

60047 20171121 1STAMCOMPLAINT.docx                11

**FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW**

violations of *Civil Code* §1695, *et seq.*, and is charged with the unclean hands of the grantor, CHARLES STREET INVESTMENTS INC. and/or INAAM RASHEED NAEEM and therefore, Plaintiffs are entitled to a declaration that its deed of trust is invalid and void.

44. Plaintiffs are seeking to quiet title against the claims of the Defendants as follows: Defendants are seeking to hold themselves out as fee simple owners and/or lien holder of the Subject Property, when in fact Plaintiffs have an interest in the property held by Defendants, Defendants have no right, title, interest, or estate in the Subject Property, and Plaintiffs' interest is adverse to Defendants' claims of ownership.

45. Plaintiffs are also seeking to quiet title as of May 4, 2017, the date in which they executed a Grant Deed in favor of CHARLES STREET INVESTMENTS INC. and/or the date that escrow closed resulting in the Defendants receiving ownership of Plaintiffs' property.

46. Plaintiffs therefore seek a judicial declaration that title to the Subject Property is vested in Plaintiffs alone and that CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, SHAHID NAEEM and CARDENAS THREE, LLC, herein, and each of them, be declared to have no estate, right, title, or interest in the Subject Property and said Defendants, and each of them, be forever enjoined from asserting any estate, right, title, or interest in the Subject Property, adverse to Plaintiffs herein.

<strong><u>SECOND CAUSE OF ACTION</u></strong>

<strong><u>FOR RESCISSION BASED ON VIOLATION OF HOME EQUITY SALES CONTRACT ACT, (California Civil Code §1695 et seq.)</u></strong>

<strong>(Against Defendants and Each of Them)</strong>

47. Plaintiffs incorporate the allegations contained in paragraphs 1 through 46 as though fully set forth herein.

60047 20171121 1STAMCOMPLAINT.docx 12

<strong>FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW</strong>

48.    The Home Equity Sales Contract Act ("HESCA") was enacted to protect homeowners who were faced with foreclosure proceedings and may find themselves at the mercy of unscrupulous individuals who "induce homeowners to sell their homes for a small fraction of their fair market values through the use of schemes which often involve oral and written misrepresentations, deceit, intimidation, and other unreasonable commercial practices." (*Civil Code* §1695(a))

49.    HESCA is designed to protect homeowners in default against unfair purchases of their home equity. The Act regulates transactions between an equity purchaser and an equity seller. HESCA contains specific, detailed regulations concerning the content and form of contracts for the sale of a home in foreclosure. The contract must include the total consideration given, terms of payment and terms of any rental agreement; a conspicuous statement of the right to rescind the contract within five business days or until 8 a.m. on the day scheduled for foreclosure, with an attached notice of cancellation; and a conspicuous notice that until the right to cancel has ended, the equity purchaser cannot ask the seller to sign a deed or any other document. (*Civil Code* §§1695.3–1695.5.) The equity purchaser must provide, and complete, the contract in conformity with these terms. (*Civil Code* § 1695.6(a))

50.    As of December 2016, Plaintiffs were homeowners whose residence was in foreclosure. Plaintiffs are informed and believe that from December 2016, and thereafter, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, and SHAHID NAEEM knew that the Subject Property was in foreclosure.

51.    Plaintiffs are informed and believe that from December 2016, and thereafter, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, and SHAHID NAEEM did not disclose to Plaintiffs that they had a statutory duty to provide to Plaintiffs certain disclosures including a right of cancellation per *Civil Code* §§1695.3-1695.5.

60047 20171121 1STAMCOMPLAINT.docx        13

FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW

52.    Plaintiffs are informed and believe that in the absence of any right to cancel, they relied upon Defendants' knowledge, expertise, and good faith to protect Plaintiffs' interests through the sale of the property.  Plaintiffs further are informed and believe that Defendants did not at any time inform them that they had a right of cancellation when entering into the Purchase Agreement and/or Equity Sharing Addendum, as well as during or after to the close of escrow.

53.    Plaintiffs are informed and believe that CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, and SHAHID NAEEM in derogation and intentional disregard of their statutory duty to provide Plaintiffs with proper disclosures, including a notice of cancellation, proceeded by executing all documents necessary to sell, took unconscionable advantage of the Plaintiffs and closed the sale on or about May 5, 2017.

54.    Plaintiffs are informed and believe that the buyer, INAAM RASHEED NAEEM and/or CHARLES STREET INVESTMENTS INC. did not intend to use the property as a personal residence.

55.    With the pending Trustee Sale date of May 8, 2017, and believing that they had no other choice, Plaintiffs agreed and signed the Amended Escrow Instructions and related documents so that the sale of the Subject Property to CHARLES STREET INVESTMENTS INC. and INAAM RASHEED NAEEM was completed and escrow closed on May 4, 2017.

56.    Plaintiffs allege that in the absence of such disclosures, Plaintiffs justifiably relied upon Defendants to complete the sales transaction.

57.    Plaintiffs are informed and believe and thereon allege that CHARLES STREET INVESTMENTS INC. granted a first deed of trust in favor of Defendant CARDENAS THREE, LLC, which is the current beneficiary thereof in the amount of $1,560,000.  Because Defendants contracts do not comply with the terms set forth in *Civil Code* §1695, *et seq.*, governing Home Equity Sales Contracts, CARDENAS

60047 20171121 1STAMCOMPLAINT.docx    14

THREE, LLC, is not and was not a bona fide encumbrancer for value, had notice of the violations of *Civil Code* §1695, *et seq.*, had a duty to investigate a suspicious transaction, and is charged with the unclean hands of the grantor, CHARLES STREET INVESTMENTS INC. and/or INAAM RASHEED NAEEM.

58.    On August 3, 2017, Plaintiffs notified CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC, INAAM RASHEED NAEEM, and SHAHID NAEEM that the Purchase Agreement and Addendum do not meet the requirements set forth in *Civil Code* §1695, *et seq.*, offered to return any consideration received and sought a resolution of their claims.  Having no response, Plaintiffs also caused to be recorded a Notice of Rescission on August 19, 2017.

59.    CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, and SHAHID NAEEM have failed and refused, and continue to fail and refuse, to agree to rescind the contract in that they refuse to execute a conveyance of the Subject Property as provided under the *Civil Code*.

60.    Plaintiffs allege that based upon the wrongful acts perpetrated upon them by Defendants, and each of them, the Grant Deed in favor of CHARLES STREET INVESTMENTS INC. and the Deed of Trust in favor of CARDENAS THREE, LLC, must be rescinded.

61.    As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged and injured both at equity and law, in that in addition to losing title to their home and/or equity in the amount of $400,000.00, and potential possession thereof, the conduct of CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, SHAHID NAEEM as well as CARDENAS THREE have caused Plaintiffs to incur or suffer costs and expenses that were paid through the escrow, including but not limited to escrow fees, commissions and other expenses in excess of $150,000.

60047 20171121 1STAMCOMPLAINT.docx         15

**FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW**

62.   CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, and SHAHID NAEEM knew or should have known they were violating *Civil Code* §1695, *et seq.*, since SHAHID NAEEM is and in 2017 was a real estate broker.  Defendants also knew that Plaintiffs were in financial distress.  During the course of this sales transaction, Defendants, by and through SHAHID NAEEM made multiple fraudulent representations to Plaintiffs in order to get them to agree to the transaction, as well as require that the Plaintiffs sign agreements without all appropriate disclosures as required under the *Civil Code* §1695, *et seq.*  In the role as dual agents, the aforementioned conduct of said Defendants of failing to disclose, investigate and advise the Plaintiffs was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs in order to advance their own pecuniary interest in the sale and purchase of the Subject Property.  The aforementioned conduct of said Defendants was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs.  Plaintiffs are, therefore, entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION

### FOR DAMAGES BASED ON VIOLATION OF HOME EQUITY

### SALES CONTRACT ACT (California Civil Code §1695 et seq.)

**(Against Defendants and Each Of Them)**

63.   Plaintiffs incorporate the allegations contained in paragraphs 1 through 62 as though fully set forth herein.

64.   As a result of said actions, Plaintiffs have been damaged pursuant to *Civil Code* §§1695.6 and 1695.13 and are entitled to actual damages pursuant to *Civil Code* §1695.7.

65.   At the time Defendants committed said acts; Defendants were guilty of malice, oppression, and a willful unconscious disregard of the rights of Plaintiffs.  By

60047 20171121 1STAMCOMPLAINT.docx                16

FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW

reason of these acts, Plaintiffs have been oppressed, and seek punitive and exemplar damages pursuant to *Civil Code* §1695.7.

### FOURTH CAUSE OF ACTION

### FOR FRAUD

**(By Plaintiffs Against CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, and SHAHID NAEEM)**

66.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 65 as though fully set forth herein.

67.    From December 2016, and thereafter, when it was necessary for Plaintiffs to sell their residence that was in foreclosure, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM and SHAHID NAEEM took unconscionable advantage of the Plaintiffs, within the meaning of and in violation of *Civil Code* §1695, *et seq.*, by and through multiple fraudulent representations concerning knowledge about the property, which would allow it to be marketed for a higher price than the listing price, failed to disclose to Plaintiffs that the buyer was related to the broker until presenting the Purchase Agreement for signature as well as required that the Plaintiffs sign agreements without all appropriate disclosures as required under the *Civil Code* §1695, *et seq.*

68.    Plaintiffs allege that CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM and SHAHID NAEEM also failed to inform Plaintiffs they had a right of cancellation to satisfy due process requirements of notice, especially in light of the possibility and the imminent danger of losing their home on May 8, 2017.

69.    Plaintiffs further allege that these Defendants intentionally failed to disclose the foregoing facts as of April 2017, and thereafter, continued to keep this material information from Plaintiffs. Had Plaintiffs known that Defendants were intentionally not

60047 20171121 1STAMCOMPLAINT.docx    17

FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW

disclosing these material facts, Plaintiffs would not have proceeded with the sale of the Subject Property. In justifiable reliance, however, upon Defendants' expertise, knowledge and experience in real estate, lending and finance industries, Plaintiffs entered into the sales transaction regarding the Subject Property on or about April 9, 2017. Plaintiffs further allege that in their reliance upon Defendants initial representations was reasonable in that Plaintiffs did not have the knowledge, expertise, or experience necessary to understand the intricacies of foreclosure, a sales transaction and relied upon Defendants to truthfully and in good faith purchase the Subject Property.

70.    As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged and injured both at equity and law, in that in addition to losing title to their home and/or equity in the amount of $400,000, and potential possession thereof, the conduct of CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM and SHAHID NAEEM have caused Plaintiffs to incur or suffer costs and expenses that were paid through the escrow, including but not limited to escrow fees, commissions and other expenses in excess of $150,000.

71.    INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM knew or should have known that their fraud would cause Plaintiffs severe emotional distress.

72.    As a further proximate result of INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM's fraud, Plaintiffs have suffered severe emotional distress, including, but not limited to nervousness, anxiety, worry and depression in an amount to be determined at the time of trial.

73.    During the course of this sales transaction, Defendants by and through the broker/real estate agent, SHAHID NAEEM, made multiple fraudulent representations to Plaintiffs in order to persuade them to agree to the transaction, as well as prepared and

60047 20171121 1STAMCOMPLAINT.docx                18

FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW

required that the Plaintiffs sign agreements without all appropriate disclosures as required under the *Civil Code* §1695, *et seq.* The aforementioned conduct of said Defendants of failing to disclose, investigate and advise the Plaintiffs was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs in order to advance their own pecuniary interest in the sale and purchase of the Subject Property. The aforementioned conduct of said Defendants was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs. Plaintiffs are, therefore, entitled to an award of punitive damages.

### FIFTH CAUSE OF ACTION

### FOR BREACH OF FIDUCIARY DUTY

### (By Plaintiffs Against CHARLES STREET INVESTMENT,

### LLC, CHARLES STREET INVESTMENTS INC., INAAM

### RASHEED NAEEM, and SHAHID NAEEM)

74. Plaintiffs incorporate the allegations contained in paragraphs 1 through 73, as though fully set forth herein.

75. Plaintiffs allege that Defendants, and each of them as the equity purchaser , broker and real estate agent, had and have a fiduciary duty imposed by law to Plaintiffs to advise them and place them on notice of all disclosures that are required by law, especially in a real estate loan transaction where the residence is in foreclosure, and to provide Plaintiffs with facts from which Plaintiffs could make a determination as to their need to sell the Subject Property, or to explore other options.

76. By virtue of the fiduciary relationship between Plaintiffs and SHAHID NAEEM, SHAHID NAEEM owed Plaintiffs a duty of acting in the highest good faith toward Plaintiffs. As Plaintiffs' agent, SHAHID NAEEM owed to Plaintiffs a fiduciary duty to investigate, verify and make the fullest disclosure of all material facts that might affect Plaintiffs' decision to sell the Subject Property.

60047 20171121 1STAMCOMPLAINT.docx 19

FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW

77.   On or about December 28, 2016, and thereafter, Defendants and each of them breached their fiduciary duty as equity purchaser and agent by failing to provide Plaintiffs with the disclosures notices required pursuant to §§1695.3-1695.5 of the *Civil Code*.

78.   INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM further breached said fiduciary duty to be honest and truthful when INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM failed to disclose to Plaintiffs the significance of the existence of a notice of right to cancel.

79.   At all times mentioned in this Complaint, Plaintiffs were unaware of the existence of the right to cancel.

80.   As a result of the breaches of fiduciary duty, Plaintiffs completed the sale of the property, and commenced preparation to vacate the premises.

81.   As a direct and proximate result of Defendants' breach of duty of care towards Plaintiffs, Plaintiffs have been damaged and injured both at equity and law, in that in addition to losing title to their home and/or equity in the amount of $400,000, and potential possession thereof, the conduct of INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM have caused Plaintiffs to incur or suffer costs and expenses that were paid through the escrow, including but not limited to escrow fees, commissions and other expenses in excess of $150,000.

82.   INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM knew or should have known that their breaches of fiduciary duty would cause Plaintiffs severe emotional distress.

60047 20171121 1STAMCOMPLAINT.docx                    20

**FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW**

83.    As a further proximate result of INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM's breach of fiduciary duty, Plaintiffs have suffered severe emotional distress, including, but not limited to nervousness, anxiety, worry and depression in an amount to be determined at the time of trial.

84.    Defendants knew or should have known they were violating *Civil Code* §1695, *et seq.*, in as much as SHAHID NAEEM is, and in 2017 was, a real estate broker. Defendants also knew that Plaintiffs were in financial distress.  During the course of this sales transaction, Defendants, by and through SHAHID NAEEM, made multiple fraudulent representations to Plaintiffs in order to persuade them to agree to the transaction, as well as prepared and required that the Plaintiffs sign agreements without all appropriate disclosures as required under the *Civil Code* §1695, *et seq.*  In the role as dual agents, the aforementioned conduct of said Defendants of failing to disclose, investigate and advise the Plaintiffs was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs in order to advance their own pecuniary interest in the sale and purchase of the Subject Property.  The aforementioned conduct of said Defendants was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs.  Plaintiffs are, therefore, entitled to an award of punitive damages.

## SIXTH CAUSE OF ACTION

### FOR BREACH OF WRITTEN CONTRACT

**(By Plaintiffs Against CHARLES STREET INVESTMENT, LLC,**

**CHARLES STREET INVESTMENTS INC., INAAM**

**RASHEED NAEEM, AND SHAHID NAEEM)**

85.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 84 as though fully set forth herein.

60047 20171121 1STAMCOMPLAINT.docx             21

86.     Plaintiffs allege that on or about April 9 and April 14, Plaintiffs entered into a Purchase Agreement and Addendum, which were and are written contracts, for the sale of the Subject Property, which was in foreclosure.

87.     Plaintiffs allege that on or about April 9, 2017, and thereafter, INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM did not inform Plaintiffs that they had a statutory duty to provide Plaintiffs with certain disclosures pertaining to the Purchase Agreement and Addendum, which constituted, and constitute the entire Contract, and failed to provide Plaintiffs with an accompanying Notice of Cancellation.  This failure to disclose was and is a breach of both contracts by INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM.

88.     Plaintiffs allege that as a consequence of the breach of contract by INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM, Plaintiffs have been damaged and injured both at equity and law, in that in addition to losing title to their home and/or equity in the amount of $400,000, and potential possession thereof, the conduct of CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM and SHAHID NAEEM have caused Plaintiffs to incur or suffer costs and expenses that were paid through the escrow, including but not limited to escrow fees, commissions and other expenses in excess of $150,000.

<u>SEVENTH CAUSE OF ACTION</u>

<u>FOR BREACH OF IMPLIED COVENANT OF GOOD</u>

<u>FAITH AND FAIR DEALING</u>

**(By Plaintiffs Against CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, and SHAHID NAEEM)**

60047 20171121 1STAMCOMPLAINT.docx          22

**FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW**

89.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 88.

90.    Plaintiffs allege that implied in every contract there exists a covenant that parties to an agreement will deal fairly and at arms length with one another, and will deal in good faith to accomplish the objectives of the agreement.

91.    Plaintiffs allege that on or about April 9, 2017 and thereafter, INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM, breached the implied covenant of good faith and fair dealing when they used their superior knowledge in real estate, lending and finance industries to intentionally hide the fact that INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM were obligated to comply with the mandatory language requirements of *Civil Code* §1695, *et seq.*

92.    Plaintiffs allege that in complete disregard of their duty pursuant to *Civil Code* §1695, *et seq.*, INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM entered into contracts without appropriate statutory disclosures, thus breaching the implied covenant of good faith and fair dealing.

93.    As a direct and proximate result of Defendants' breaching conduct, Plaintiffs have been damaged and injured both at equity and law, in that in addition to losing title to their home and/or equity in the amount of $400,000, and potential possession thereof, the conduct of CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM and SHAHID NAEEM have caused Plaintiffs to incur or suffer costs and expenses that were paid through the escrow, including but not limited to escrow fees, commissions and other expenses in excess of $150,000.

94.    As a further proximate result of INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and

60047 20171121 1STAMCOMPLAINT.docx          23

**FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW**

SHAHID NAEEM's conduct, Plaintiffs have suffered severe emotional distress, including, but not limited to nervousness, anxiety, worry and depression in an amount to be determined at the time of trial.

95. Defendants knew or should have known they were violating *Civil Code* §1695, *et seq.*, in as much as SHAHID NAEEM is, and in 2017 was, a real estate broker. Defendants also knew that Plaintiffs were in financial distress. During the course of this sales transaction, Defendants by and through Shahid Naeem made multiple fraudulent representations to Plaintiffs in order to persuade them to agree to the transaction, as well as prepared and required that the Plaintiffs sign agreements without all appropriate disclosures as required under the *Civil Code* §1695, *et seq.* In the role as dual agents, the aforementioned conduct of said Defendants of failing to disclose, investigate and advise the Plaintiffs was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs in order to advance their own pecuniary interest in the sale and purchase of the Subject Property. The aforementioned conduct of said Defendants was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs. Plaintiffs are, therefore, entitled to an award of punitive damages.

**EIGTH CAUSE OF ACTION**

**FOR VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW**

**(By Plaintiffs Against CHARLES STREET INVESTMENT, LLC,**

**CHARLES STREET INVESTMENTS INC., INAAM RASHEED**

**NAEEM, and SHAHID NAEEM)**

96. Plaintiffs incorporate the allegations contained in paragraphs 1 through 95.

97. Defendants acted as a foreclosure consultants within the meaning of California Civil Code Section 2945.1(a) in that they performed a service in the expectation of compensation which was represented to Plaintiffs to have the effect of stopping or postponing a foreclosure sale as well as saving their residence from foreclosure.

60047 20171121 1STAMCOMPLAINT.docx      24

**FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3.
DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH
OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8.
VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW**

98.     Plaintiffs have been subject to fraud, deception and unfair dealing by the Defendants acting as foreclosure consultants and, as such, are of the type of persons the Foreclosure Consultant Law was designed to protect.  In addition, Defendants engaged in the prohibited acts of receiving compensation before the contracted services were completed and inducing Plaintiffs to sign a contract which does not comply with Civil Code Sections 2945.1 and 2945.3 (lack of 3 day right to cancel notice).

99.     As a result of Defendants' misconduct, Plaintiffs have suffered damages. Pursuant to Civil Code Section 2945.6, Plaintiffs are entitled to actual damages in an amount to be proven at the time of trial.  The acts of Defendants were willful, fraudulent and malicious entitling Plaintiffs to statutory treble damages.  Plaintiffs are also entitled to reasonable attorneys' fees and costs pursuant to statute. (Civil Code Section 2945.6.)

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

**ON THE FIRST CAUSE OF ACTION FOR QUIET TITLE**

1.     That Plaintiffs are the owner in fee simple of the Subject Property and that no Defendant has any interest in the Subject Property adverse to Plaintiffs .

**ON THE SECOND CAUSE OF ACTION FOR RESCISSION UNDER HOME EQUITY SALES CONTRACT ACT**

2.     That this Court declares that the Grant Deed and Contracts described herein be rescinded;

3.     That Defendants be ordered to pay damages in an amount to be determined at the time of trial;

4.     For interest on said sum;

5.     For punitive or exemplary damages in an amount to be determined at the time of trial;

6.     For attorney's fees pursuant to *Civil Code* §1695.7;

60047 20171121 1STAMCOMPLAINT.docx            25

## ON THE THIRD CAUSE OF ACTION FOR DAMAGES FOR VIOLATION OF HOME EQUITY SALES CONTRACT ACT

7. For damages for violation of Home Equity Sales Contract Act;

8. For damages in an amount to be determined at the time of trial;

9. For interest on said sum;

10. For attorney's fees pursuant to *Civil Code* §1695.7;

## ON THE FOURTH CAUSE OF ACTION FOR FRAUD

11. For damages in an amount to be determined at the time of trial;

12. For interest on said sum;

13. For punitive or exemplary damages in an amount to be determined at the time of trial;

## ON THE FIFTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

14. For damages in an amount to be determined at the time of trial;

15. For interest on said sum;

16. For punitive or exemplary damages in an amount to be determined at the time of trial;

## ON THE SIXTH CAUSE OF ACTION FOR BREACH OF CONTRACT

17. For damages in an amount to be determined at the time of trial;

18. For interest on said sum;

## ON THE SEVENTH CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

19. For damages in an amount to be determined at the time of trial;

20. For interest on said sum;

21. For punitive or exemplary damages in an amount to be determined at the time of trial;

## ON THE EIGTH CAUSE OF ACTION FOR DAMAGES FOR VIOLATION OF VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW

60047 20171121 1STAMCOMPLAINT.docx                26

FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3.
DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH
OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8.
VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW

22.    For damages in an amount to be determined at the time of trial;

23.    For interest on said sum;

24.    For exemplary damages in an amount to be determined at the time of trial;

**ON ALL CAUSES OF ACTION**

25.    For costs of suit herein incurred; and

26.    For such other relief as the Court may deem proper.

DATED: November 21, 2017.                GREBOW & RUBIN, LLP


BY: _____
        ARTHUR GREBOW
        JULIE H. RUBIN
        Attorneys for Plaintiffs SVETLANA BUZINA
        and ARKADY BUZIN

60047 20171121 1STAMCOMPLAINT.docx                27

FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3.
DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH
OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8.
VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW

## VERIFICATION

STATE OF CALIFORNIA                )
                                   )      ss.
COUNTY OF LOS ANGELES              )

I have read the foregoing **FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HOME EQUITY SALES CONTRACT ACT; 3. DAMAGES FOR VIOLATION OF HOME EQUITY SALES CONTRACT ACT; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** and know its contents.

I am a party to this action.

The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on November 21, 2017, at Tarzana, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
ARKADY BUZIN

**FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

## VERIFICATION

STATE OF CALIFORNIA            )
                              )   ss.
COUNTY OF LOS ANGELES          )

I have read the foregoing **FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HOME EQUITY SALES CONTRACT ACT; 3. DAMAGES FOR VIOLATION OF HOME EQUITY SALES CONTRACT ACT; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** and know its contents.

I am a party to this action.

The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on November 21, 2017, at Tarzana, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
SVETLANA BUZINA

60047 20171109 1STAMCOMPLAINT.docx                        29

FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

**Exhibit "A"**

**This page is part of your document - DO NOT DISCARD**



## 20121725142



**Pages: 0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**11/14/12 AT 08:00AM**

| | |
|---|---|
| FEES: | 22.00 |
| TAXES: | NFPR |
| OTHER: | 0.00 |
| PAID: | NFPR |



**LEADSHEET**



201211140300006

**00006756362**



004426249

**SEQ:
16**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

t63

TICOR TITLE
RIVERSIDE

**RECORDING REQUESTED BY**
Ticor Title Company of California
**AND WHEN RECORDED MAIL TO:**

Arkady Buzin
19237 Charles Street
Tarzana, CA 91356

11/14/2012



*20121725142*

ORDER NO.: 33177-SS1
ESCROW NO.: 00033177-004-LJ

Z

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
☐ unincorporated area
X the City of Los Angeles

Documentary Transfer Tax is $ ✱    City Tax is $ ✱
X computed on full value of interest or property conveyed, or
☐ full value less value of liens or encumbrances remaining at the time of sale
✱ Transfer Tax not of Public Record

Parcel No. 2176-005-023
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
U.S. Bank National Association, as Trustee, for Certificateholders of Structured Asset Mortgage Investments II Inc., Prime Mortgage Trust, Certificates, Series 2007-3, who acquired title as U.S. Bank National Association, as Trustee, for the Certificateholders of Structured Asset Mortgage Investments II Inc., Prime Mortgage Trust, Certificates Series 2007-3 hereby GRANT(s) to
Arkady Buzin, a married man as his Sole and Separate Property
the following real property in the City of Los Angeles County of Los Angeles, State of California:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Dated: October 31, 2012

TRANSFER TAX
NOT A PUBLIC RECORD

U.S. Bank National Association, as Trustee, for
Certificateholders of Structured Asset Mortgage
Investments II Inc., Prime Mortgage Trust, Certificates,
Series 2007-3

Amber Ball 10-31-2012    **Amber Ball** Vice President

By: JP Morgan Chase Bank, National Association, its
attorney in fact

STATE OF Texas
COUNTY OF DENTON } SS:

On ~~Dec~~ November 10.31.2012 before me, Judy Little,
a Notary Public, personally appeared Amber Ball
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of Texas that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

> JUDY LITTLE
> Notary Public, State of Texas
> My Commission Expires
> March 5, 2016

GRANTEE

**MAIL TAX STATEMENTS TO**
SAME ADDRESS AS ABOVE

16D

3

EXHIBIT "A"                         0B

THAT PORTION OF LOT 75 OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES,
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
BOOK 27, PAGE 55 ET SEQ. OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE EASTERLY LINE OF VANALDEN AVENUE, 60 FEET
WIDE, AS SHOWN ON THE MAP OF TRACT NO. 8268, IN THE CITY OF LOS ANGELES,
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
BOOK 114, PAGE 62 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY, AT THE MOST NORTHERLY CORNER OF THE LAND CONVEYED TO A. P.
BRANDENBERG AND PEGGY BRANDENBERG, BY DEED RECORDED ON MAY 8, 1945
IN BOOK 21924, PAGE 302, OFFICIAL RECORDS, SAID MOST NORTHERLY CORNER
BEING AT THE INTERSECTION OF THE EASTERLY LINE OF VANALDEN AVENUE WITH
THE CENTER LINE OF THAT CERTAIN 60 FOOT STRIP SHOWN ON THE MAP FILED IN
BOOK 49, PAGE 41 OF RECORD OF SURVEY'S; THENCE FROM SAID POINT OF
BEGINNING NORTH 27° 41' 15" EAST 78.87 FEET ALONG SAID EASTERLY LINE OF
VANALDEN AVENUE; THENCE LEAVING SAID EASTERLY LINE, SOUTH 62° 56' 14" EAST
200 FEET; THENCE SOUTH 41° 04' 42" EAST 78.09 FEET; THENCE SOUTH 54° 17' 29"
WEST 75.40 FEET; THENCE SOUTH 39° 42' 42" WEST 144.87 FEET TO A POINT ON A
CURVE CONCAVE NORTHEASTERLY AND HAVING A RADIUS OF 450 FEET, IN THE
CENTER LINE OF SAID 60 FOOT STRIP, A RADIAL BEARING AT SAID POINT BEING
SOUTH 53° 55' 57" WEST; THENCE NORTHWESTERLY ALONG SAID CURVE AND
CENTER LINE A DISTANCE OF 103.57 FEET TO THE END OF SAID CURVE; THENCE
TANGENT TO SAID CURVE, NORTH 22° 52' 50" WEST 157.92 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM: THAT PORTION OF SAID LOT 75 DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST SOUTHERLY CORNER OF PARCEL B OF PARCEL MAP L.A.
NO. 1590 AS PER MAP FILED IN BOOK 49, PAGE 9 OF PARCEL MAPS, IN THE OFFICE
OF THE COUNTY RECORDER OF SAID COUNTY, THENCE NORTH 41° 04' 42" WEST
66.83 FEET; THENCE NORTH 62° 56' 14" WEST 20.95 FEET; THENCE SOUTH 11° 06' 55"
EAST 13.50 FEET; THENCE SOUTH 16° 15' 36" WEST 21.83 FEET; THENCE SOUTH 21°
38' 15" WEST 10.96 FEET; THENCE SOUTH 36° 28' 50" EAST 64.75 FEET; THENCE
NORTH 54° 17' 29" EAST 48.07 FEET; THENCE NORTH 41° 04' 42" WEST 11.26 FEET TO
THE POINT OF BEGINNING.

APN:   2176-005-023

# Exhibit "B"

## SELLER'S LISTING AGREEMENT
Exclusive Right to Sell, Exchange or Option

**Prepared by: Agent** Shahid Naeem    **Phone** 310-776-7180
**Broker** Shahid Naeem    **Email** snaeem@accessgrouponline.com

NOTE: This form is used by a seller's agent when employed by a seller as their sole agent to list the seller's property for sale for a fixed period of time.

DATE: March 23rd. , 20 17 , at 19237 Charles Street, Tarzana, in the County of Los Angeles, , California.
*Items left blank or unchecked are not applicable.*

1. **RETAINER PERIOD:**

    1.1 Seller hereby retains and grants to Broker the exclusive right to market, solicit and negotiate for the disposition of the property, through sale, exchange or option, for the listing period beginning on March 26th. , 20 17 and terminating on Sept. 25th. , 20 17 .

    1.2 Broker agrees to use diligence in the performance of this employment.

2. **SELLER'S DEPOSIT:**

    2.1 Seller hands $ 0.00 to Broker for deposit into Broker's trust account for application to Seller's obligations under the attached Listing Package Cost Sheet. [See ft Form 107]

3. **BROKERAGE FEE:**
    **NOTICE: The amount or rate of real estate fees is not fixed by law. They are set by each Broker individually and may be negotiable between Client and Broker.**

    3.1 Seller agrees to pay Broker ☒ SIX (6) % of the purchase price, or ☐ , IF:

    a. Anyone procures a buyer, exchanger or optionee on the terms stated in this agreement or on any other terms accepted by Seller during the period of the listing;

    b. The property is withdrawn from sale, transferred or leased without Broker's consent, which will not be unreasonably withheld, or otherwise made unmarketable by Seller during the period of the listing;

    c. Seller terminates this employment of Broker during the period of the listing; or

    d. Within one year after termination of this agreement, Seller or their agent enter into negotiations, which later result in a transaction contemplated by this agreement, with a prospective buyer whom Broker or a cooperating broker negotiated with during the period of this listing. Broker to identify prospective buyers by written notice delivered personally or electronically, or mailed to Seller within 21 days after termination of this agreement. [See ft Form 122]

    3.2 Should Seller acquire replacement property in a transaction in which Broker negotiates, Seller to further compensate Broker on acquisition of the replacement property based on the fee amount stated in §3.1.

    3.3 Should this agreement terminate without Seller becoming obligated to pay Broker a fee, Seller to pay Broker the sum of $ NA per hour of time accounted for by Broker, not to exceed $ NA .

4. **GENERAL PROVISIONS:**

    4.1 Seller acknowledges receipt of the Agency Law Disclosure. [See ft Form 305]

    4.2 Broker is authorized to place a For Sale sign on the property, inspect the property's condition, verify any operating income or expenses and publish and disseminate property information to meet the objectives of this employment.

    4.3 Seller authorizes Broker to cooperate with other brokers and divide with them any compensation due.

    4.4 Broker is authorized to accept, on behalf of any buyer, an offer and deposit.

    4.5 Offers to purchase received by Broker may be submitted to Seller personally or electronically, or by USPS postage-prepaid mail.

    4.6 Broker may have or will contract to list comparable properties or represent Buyers seeking comparable properties during the listing period. Thus, a conflict of interest exists to the extent Broker's time is required to fulfill the fiduciary duty owed to others he now does or will represent.

    4.7 Before any party to this agreement files an action on a dispute arising out of this agreement which remains unresolved after 30 days of informal negotiations, the parties agree to enter into non-binding mediation administered by a neutral dispute resolution organization and undertake a good faith effort during mediation to settle the dispute.

    4.8 The prevailing party in any action on a dispute shall be entitled to attorney fees and costs, unless they file an action without first offering to enter into mediation to resolve the dispute.

    4.9 This listing agreement will be governed by California law.

--- PAGE 1 OF 3 — FORM 102 ---

-------------------------------------------- PAGE 2 OF 3 — FORM 102 --------------------------------------------

**5. REAL ESTATE:**

5.1 Type Single Family Residence

Referred to as 19237 Charles Street, Tarzana, California 91356

Vesting Arkady Buzin and Svetlana Buzina, Husband and Wife as Joint Tennants

5.2 Encumbrances of record:

    a. A first loan in the amount of $ 805,000.00 (approx.), payable $ TBD _____ per month until paid, including interest at 5 %, L ARM type TBD , impounds being $ TBD _____ monthly. Lender _____

    b. A second loan in the amount of $ 380,000.00 (approx.) , payable $ TBD per month, including interest at TBD %, due TBD , 20 17 . Lender Private Party Loans

    c. Other encumbrance, bond, assessment or lien in the amount of $_____. Description of debt TBD

**6. PERSONAL PROPERTY INCLUDED:**

6.1 Referred to as Kitchen appliances including but not limited to Refrigerator / Freezer, Cooking range, Coffee Maker etc.

6.2 Encumbered for the amount of $ NA , payable $ NA monthly, including interest at NA %, due NA , 20 . Lender NA

**7. ADDENDA attached to this agreement regarding the listing package include:**

    a. L Federal Residency Declarations [See ft Form 301]

    b. L Condition of Property Disclosure. [See ft Form 304] Solar Shade Control Notices sent or received by Seller to be handed to Buyer on acceptance.

    c. L Ordinance Compliance [See ft Form 307]

    d. L Natural Hazard Disclosure Statement [See ft Form 314]

    e. L Lead-Based Paint Disclosure [See ft Form 313]

    f. L Residential Earthquake Hazards Report [See ft Form 315]

    g. L Annual Property Operating Data Sheet [See ft Form 352, or ft Forms 562 and 381 for a SFR]

    h. L MLS property profile

    i. L Listing Package Cost Sheet [See ft Form 107] (See also §2.1)

    j. L Seller's Neighborhood Security Disclosure [See ft Form 321]

    k. ☑ Right to Enter and Exhibit Unit to Buyers [See ft Form 116]

    l. L _____

7.1 Additional addenda not part of the listing package include:

    a. L Seller's Net Sheet [See ft Form 310]

    b. L Work Authorization [See ft Form 108] (See also §§2.1 and 8.2)

    c. L _____

**8. SALE TERMS:**

8.1 Price sought is $ 1,800,000.00 , payable:

    a. ☑ In cash, or cash to a new loan obtained by Buyer;

    b. ☑ Cash to the existing loan(s) and Buyer to assume the loan(s) with Lender(s);

    c. L Cash down payment of no less than $_____. Buyer to assume the existing loan(s) with Lender(s) in the amount of $_____, and execute a $_____ note and trust deed to Seller bearing _____ % interest with monthly amortization over _____ years, all due _____, 20_____.

8.2 Seller agrees to pay for the following costs on a sale: (See also §§2.1, 7j and 7.1b)

    a. ☑ Property inspection report

    b. L Natural hazard disclosure report

    c. ☑ Pest control clearance

    d. ☑ CLTA title insurance

    e. L FHA/VA appraisal fee

    f. L Non-recurring loan costs of Buyer

-------------------------------- PAGE 3 OF 3 — FORM 102 --------------------------------

g. ☒ Home warranty policy

h. ☒ Smoke detector and water heater anchor installation

i. ☒ Local ordinance sale or occupancy compliance

j. ☐ Well water quality and quantity reports

k. ☐ _____

l. ☐ _____

## 9. EXCHANGE TERMS:

9.1 Seller will exchange the property for or reinvest the sales proceeds in the following property:
Type _Single Family Residence_
Location _West San Fernando Valley_
Assume or originate financing up to $ _1,000,000.00_ .

## 10. OPTION TERMS:

10.1 For option money in the amount of $ _NA_ , Seller will grant an option to purchase on any of the sale terms stated above, for a period of _NA_ months.

## 11. OTHER TERMS:

11.1 Buyer shall not have possession of the property before _TBD_ .

11.2 _____

---

**I agree to render services on the terms stated above.**

Date: _March 23rd._ , 20 _17_

Broker's Name: _Shahid Naeem_

CalBRE #: 01810268

Agent's Name: _Shahid Naeem_

CalBRE #: 01810268

Signature: _____

Address: _4371 Vanalden Ave._

Tarzana, CA 91356

Phone: _310-776-7180_     Cell: _310-498-3979_

Email: _snaeem@accessgrouponline.com_

---

**I agree to employ Broker on the terms stated above.**

☒ See attached Signature Page Addendum. [ft Form 251]

Date: _March 23rd._ , 20 _17_

Seller's Name: _Arkady Buzin_

Signature: _____

Seller's Name: _Svetlana Buzina_

Signature: _____

Address: _19237 Charles Street_

Tarzana, CA 91356

Phone: _424-645-8888_     Cell: _818-429-1111_

Email: _huskyexpressinc@gmail.com_

---

# Exhibit "C"

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

TD FORECLOSURE SERVICES, INC.
5023 N. Parkway Calabasas
Calabasas, CA  91302

Trustee Sale No. 16-27001    Loan No. BUZIN    Title Order No. 170026964
APN 2176-005-023    TRA No.

Space above this line for recorder's use only

## NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED*
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

*PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED
COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 10/01/2015.  UNLESS YOU TAKE
ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU
NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU
SHOULD CONTACT A LAWYER.

On 05/08/2017 at 11:00AM, TD FORECLOSURE SERVICES, INC. as the duly appointed Trustee
under and pursuant to Deed of Trust Recorded on 10/15/15 AS INSTRUMENT NUMBER
20151270582 of official records in the Office of the Recorder of Los Angeles County, California,
executed by: ARKADY BUZIN, MARRIED MAN AS SOLE AND SEPARATE, as Trustor, WILL
SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (Made payable to TD
FORECLOSURE SERVICES, INC at time of sale in lawful money of the United States, by cash, a
cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union,
or a check drawn by a state or federal savings and loan association, savings association, or savings
bank specified in section 5102 of the Financial Code and authorized to do business in this state).
At: BY THE FOUNTAIN LOCATED AT 400 CIVIC CENTER PLAZA, POMONA, CA 91766, all right,
title and interest conveyed to and now held by it under said Deed of Trust in the property situated in
said County, California describing the land therein:  AS MORE FULLY DESCRIBED ON SAID
DEED OF TRUST

The property heretofore described is being sold "as is".  The street address and other common
designation, if any, of the real property described above is purported to be:  19237 CHARLES ST,
TARZANA, CA 91356.

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other
common designation, if any, shown herein.  Said sale will be made, but without covenant or
warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining

1

Trustee Sale No. 16-27001
Loan No. BUZIN
Title Order No. 170026964
APN 2176-005-023

principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to-wit: $$407,393.55 (Estimated).

Accrued interest and additional advances, if any, will increase this figure prior to sale. The Beneficiary may elect to bid less than the full credit bid.

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located and more than three months have elapsed since such recordation.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (818) 708-7272 or visit this Internet Web site www.servicelinkasap.com, using the file number assigned to this case 16-27001. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

4/12/17
TD FORECLOSURE SERVICES, INC.
5023 N. Parkway Calabasas
Calabasas, CA 91302
(818) 708-7272

Lynn Wolcott, President

2

CTA Guarantee Form No. 22 (06-05-14)
· Trustee's Sale Guarantee

Your No.: 16-27001
Order Number 170026964

## EXHIBIT "A"

THAT PORTION OF LOT 75 OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27, PAGE 55 TO 75 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE EASTERLY LINE OF VANALDEN AVENUE, 60 FEET WIDE, AS SHOWN ON THE MAP OF TRACT NO. 8200, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 114, PAGE 62 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AT THE MOST NORTHERLY CORNER OF THE LAND CONVEYED TO A. P. BRANDENBERG AND PEGGY BRANDENBERG, BY DEED RECORDED ON MAY 8, 1945 IN BOOK 21924, PAGE 302, OFFICIAL RECORDS, SAID MOST NORTHERLY CORNER BEING AT THE INTERSECTION OF THE EASTERLY LINE OF VANALDEN AVENUE WITH THE CENTER LINE OF THAT CERTAIN 60 FOOT STRIP SHOWN ON THE MAP FILED IN BOOK 49, PAGE 41 OF RECORD OF SURVEYS; THENCE FROM SAID POINT OF BEGINNING NORTH 27° 41' 15" EAST 78.87 FEET ALONG SAID EASTERLY LINE OF VANALDEN AVENUE; THENCE LEAVING SAID EASTERLY LINE, SOUTH 62° 56' 14" EAST 200 FEET; THENCE SOUTH 41° 04' 42" EAST 78.09 FEET; THENCE SOUTH 54° 17' 29" WEST 75.40 FEET; THENCE SOUTH 39° 42' 42" WEST 144.87 FEET TO A POINT ON A CURVE, CONCAVE NORTHEASTERLY AND HAVING A RADIUS OF 450 FEET, IN THE CENTER OF SAID 60 FOOT STRIP, A RADIAL BEARING AT SAID POINT BEING SOUTH 53° 55' 57" WEST; THENCE NORTHWESTERLY ALONG SAID CURVE AND CENTER LINE A DISTANCE OF 103.57 FEET TO THE END OF SAID CURVE; THENCE TANGENT TO SAID CURVE, NORTH 27° 52' 50" WEST 157.92 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION OF SAID LOT 75 DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST SOUTHERLY CORNER OF PARCEL B OF PARCEL MAP L. A. NO. 2590 AS PER MAP FILED IN BOOK 49, PAGE 9 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, THENCE NORTH 41° 04' 42" WEST 66.83 FEET; THENCE NORTH 62° 56' 14" WEST 20.95 FEET; THENCE SOUTH 11° 06' 55" EAST 13.50 FEET; THENCE SOUTH 16° 15' 36" WEST 21.83 FEET; THENCE SOUTH 21° 38' 15" WEST 10.96 FEET; THENCE SOUTH 36° 28' 50" EAST 64.75 FEET; THENCE NORTH 54° 17' 29" EAST 48.07 FEET; THENCE NORTH 41° 04' 42" WEST 11.26 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, WHERE THEY HAVE BEEN PREVIOUSLY RESERVED IN INSTRUMENTS OF RECORD.

### END OF LEGAL DESCRIPTION

NOTE: For information purposes only, for which the Company assumes no liability for any inaccuracies or omissions, the purported street address of said land as determined from the latest County Assessor's Roll is:

19237 Charles St (Tarzana area), Los Angeles, CA 91356

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited.
Reprinted under license or express permission from the California Land Title Association.

# Exhibit "D"

**PURCHASE AGREEMENT**

One-to-Four Residential Units — Conventional and Carryback Financing

Prepared by: Agent _____ NA _____    Phone _____ 310-776-7180 _____
Broker _____ SHAHID NAEEM _____    Email SNAEEM@ACCESSGROUPONLINE

NOTE: This form is used by a buyer's agent when preparing an offer for their buyer to purchase one-to-four unit residential property, the price to be financed using existing, new conventional or seller carryback financing.

DATE: ___ APRIL 9 ___, 20 __17__, at _____ 19237 CHARLES STREET, TARZANA _____, California.
Items left blank or unchecked are not applicable.

FACTS:

1. Received from _____ CHARLES STREET LLC AND OR ASSIGNS _____, as the Buyer(s),
   1.1 the sum of $1,000.00 _____, evidenced by ⌐ personal check, or ⌐ _____,
   payable to _____ ACCESS GROUP _____, for deposit only on acceptance of this offer.
   1.2 Deposit to be applied toward Buyer's obligations under this agreement to purchase property
   1.3 situated in the City of _____ TARZANA _____, County of _____ LOS ANGELES _____, California,
   1.4 referred to as _____ 19237 CHARLES STREET, TRAZNA, CA 91356 _____,
   1.5 including personal property, ⌐ see attached Personal Property Inventory. [See ft Form 256]
2. This agreement is comprised of this five-page form and ___2___ pages of addenda/attachments.

TERMS: Buyer to pay the purchase price as follows:

3. Cash payment through escrow, including deposits, in the amount of.................................... $ 1,000.00
   3.1 Other consideration to be paid through escrow _____ $
4. Buyer to obtain a ⌐ first, or ⌐ second, trust deed loan in the amount of........................... $ 1,399,000.00
   payable approximately $TBD _____ monthly for a period of ___TBD___ years.
   Interest on closing not to exceed ___10%,⌐ ARM, type _____.
   Loan points not to exceed ___4___.
   4.1 ⌐ Unless Buyer, within ___5___ days after acceptance, hands Seller satisfactory written
   confirmation Buyer has been pre-approved for the financing of the purchase price,
   Seller may terminate the agreement. [See ft Form 183]
5. ⌐ Take title subject to, or ⌐ Assume, an existing first trust deed note held by
   _____ with an unpaid principal balance of .......... $ _____
   payable $_____ monthly, including interest not exceeding _____%,
   ⌐ ARM, type _____, ⌐ plus a monthly tax/insurance impound
   payment of $_____.
   5.1 At closing, loan balance differences per beneficiary statement(s) to be adjusted into:
   ⌐ cash, ⌐ carryback note, or ⌐ sales price.
   5.2 The impound account to be transferred: ⌐ charged, or ⌐ without charge, to Buyer.
6. ⌐ Take title subject to, or ⌐ Assume, an existing second trust deed note held by
   _____ with an unpaid principal balance of .......... $ _____
   payable $_____ monthly, including interest not exceeding _____%,
   ⌐ ARM, type _____, due _____, 20___.
7. Assume an improvement bond lien with an unpaid principal balance of ............................. $ _____
8. Note for the balance of the purchase price in the amount of ......................................... $ 400,000.00
   to be executed by Buyer in favor of Seller and secured by a trust deed on the property
   junior to any above referenced financing, payable $0.00 _____ monthly, or more,
   beginning one month after closing, including interest at ___0.00% per annum from closing, due
   ___1___ years after closing.
   8.1 This note and trust deed to contain provisions to be provided by Seller for:
   ⌐ due-on-sale, ⌐ prepayment penalty, ⌐ late charges, ⌐ ___NA___.
   8.2 Loan Purpose Statement is attached. [See ft Form 202-2]
   8.3 Financial Disclosure Statement is attached as an addendum. [See ft Form 300]
   8.4 Buyer to provide a Request for Notice of Default and Notice of Delinquency to senior
   encumbrancers. [See ft Form 412]
   8.5 Buyer to hand Seller a completed credit application on acceptance. [See ft Form 302]
   8.6 Within ___NA___ days of receipt of Buyer's credit application, Seller may terminate the
   agreement based on a reasonable disapproval of Buyer's creditworthiness.
   8.7 Seller may terminate the agreement on failure of the agreed terms for priority financing.
   [See ft Form 183]
   8.8 As additional security, Buyer to execute a security agreement and file a UCC-1 financing
   statement on any property transferred by Bill of Sale. [See ft Form 436]
9. Total Purchase Price is.................................................................................... $ 1,800,000.00

_____PAGE 1 OF 5 - FORM 150 ----  A.B.    S.B_____

-------- ............ ........... ......... ......... - PAGE 2 OF 5 — FORM 150 ---------------------------------

**10. ACCEPTANCE AND PERFORMANCE:**

10.1 This offer to be deemed revoked unless accepted in writing ı on presentation, or ı. within ___ ___ days after date, and acceptance is personally delivered or faxed to Offeror or Offeror's Broker within this period.

10.2 After acceptance, Broker(s) are authorized to extend any performance date up to one month.

10.3 On the inability of Buyer to obtain or assume financing as agreed by the date scheduled for closing, Buyer may terminate the agreement.

10.4 Buyer's close of escrow is conditioned on Buyer's prior or concurrent closing on a sale of other property, commonly referred to as _____.

10.5 Any termination of the agreement will be by written Notice of Cancellation timely delivered to the other party, the other party's Broker or escrow, with instructions to escrow to return all instruments and funds to the parties depositing them. [See ft Form 183]

10.6 Both parties reserve their rights to assign and agree to cooperate in effecting an Internal Revenue Code §1031 exchange prior to close of escrow on either party's written notice. [See ft Forms 171 or 172]

10.7 Before any party to this agreement files an action on a dispute arising out of this agreement which remains unresolved after 30 days of informal negotiations, the parties agree to enter into non-binding mediation administered by a neutral dispute resolution organization and undertake a good faith effort during mediation to settle the dispute.

10.8 If Buyer breaches the agreement, Buyer's monetary liability to Seller is limited to ı $_____, or ı. the deposit receipted in Section 1.

**11. PROPERTY CONDITIONS:**

11.1 Seller to furnish prior to closing:

   a. · ⊵ a structural pest control inspection report and certification of clearance of corrective conditions.

   b. ⊵ a home inspection report prepared by an insured home inspector showing the land and improvements to be free of material defects.

   c. ⊵ a one-year home warranty policy:

     Insurer _____._____ TBD _____
     Coverage _____

   d. ⊵ a certificate of occupancy, or other clearance or retrofitting, required by local ordinance for the transfer of possession or title.

   e. ⊵ a certification by a licensed contractor stating the sewage disposal system is functioning properly, and if it contains a septic tank, is not in need of pumping.

   f. ı.. a certification by a licensed water testing lab stating the well supplying the property meets potable water standards.

   g. ı. a certification by a licensed well-drilling contractor stating the well supplying the property produces a minimum of _____ gallon(s) per minute.

   h. ı Energy Audit Report stating the rating for the property's improvements is no greater than _____.

   i. ı. _____

   j. ı _____

   k. ı. _____

11.2 Seller's Condition of Property Disclosure – Transfer Disclosure Statement (TDS) [See ft Form 304]

   a. ı. is attached; or

   b. ✔ is to be handed to Buyer on acceptance for Buyer's review. Within ten days after receipt, Buyer may either cancel the transaction based on a reasonable disapproval of the disclosure or deliver to Seller or Seller's Broker a written notice itemizing any material defects in the property disclosed by the statement and unknown to Buyer prior to acceptance. [See ft Form 269] Seller to repair, replace or correct noticed defects prior to closing.

   c. On Seller's failure to repair, replace or correct noticed defects under §11.2b or §11.4a, Buyer may tender the purchase price reduced by the cost to repair, replace or correct the noticed defects, or close escrow and pursue available remedies. [See ft Form 183]

11.3 Seller's Transfer Fee Disclosure Statement [See ft Form 304-2]

   a. ı is attached; or

   b. ı✔ is to be handed to Buyer on acceptance for Buyer's review. Within ten days after receipt, Buyer may terminate this agreement based on a reasonable disapproval of the Transfer Fee Disclosure.

   c. Seller to pay any transfer fees arising out of the transaction.

_____ _____ ------------ PAGE 2 OF 5 — FORM 150 ----- _____ S. B

---------------------------------------------------------- PAGE 3 OF 5 — FORM 150 -----------------------------------------------------------

11.4    Buyer to inspect the property twice:

    a.    An initial property inspection is required on acceptance to confirm the property's condition is substantially the same as observed by Buyer and represented by Seller or Seller's Agents prior to acceptance, and if not substantially the same, Buyer to promptly notify Seller in writing of undisclosed material defects discovered. [See ft Form 269] Seller to repair, replace or correct noticed defects prior to closing; and

    b.    A final walk-through inspection is required within five days before closing to confirm the correction of any noticed defects under §11.2b and §11.4a and maintenance under §11.14. [See ft Form 270]

11.5    Seller's Natural Hazard Disclosure Statement (NHD) [See ft Form 314] ι is attached, or ∟ is to be handed to Buyer on acceptance for Buyer's review. Within ten days of Buyer's post-acceptance receipt of the NHD, Buyer may terminate the agreement based on a reasonable disapproval of hazards disclosed by the statement and unknown to Buyer prior to acceptance. [See ft Form 182 and 183]

11.6    Buyer acknowledges receipt of a booklet and related Seller disclosures containing ι *Environmental Hazards: A Guide for Homeowners, Buyers, Landlords and Tenants* (on all one-to-four units) [See ft Form 316-1], ∟ *Protect Your Family from Lead in Your Home* (on all pre-1978 one-to-four units) [See ft Form 313], and ι *The Homeowner's Guide to Earthquake Safety* (on all pre-1960 one-to-four units). [See ft Form 315]

11.7    The property is located in: ∟ an industrial use area, ι a military ordnance area, ∟ a rent control area, ∟ airport, farmland, San Francisco Bay or mining operation area, see attached Notice Addendum [See ft Form 308] or
∟ _____

11.8    On acceptance, Seller to hand Buyer the following property operating information:

    a.    ☑ Property Expense Report for Buyer's review within ten days of receipt; Buyer may terminate the agreement during the review period based on a reasonable disapproval of the information received. [See ft Form 306]

    b.    ∟ See attached Leasing and Operating Addendum for additional conditions. [See ft Form 275]

11.9    ι The property is located in a Homeowners' Association (HOA) community. The Homeowners' Association (HOA) Addendum [See ft Form 309]:

    a.    ι is attached, or

    b.    ∟ is to be handed to Buyer on acceptance for Buyer's review.

    c.    Within ten days of Buyer's post-acceptance receipt of the association documents, Buyer may terminate the agreement based on a reasonable disapproval of the documents. [See ft Form 183]

11.10   Seller's Neighborhood Security Disclosure [See ft Form 321]

    a.    ∟ is attached, or

    b.    ☑ is to be handed to Buyer on acceptance for Buyer's review. Within ten days after receipt, Buyer may terminate this agreement based on a reasonable disapproval of the Criminal Activity and Security Disclosure Statement.

11.11   Complying smoke detector(s) and water heater bracing exist, and if not, Seller to install.

11.12   If this property or an adjoining property contains a solar collector authorized by the Solar Shade Control Act (California Public Resources Code §25980 et seq.) and notice of its existence has been sent or received by Seller, then on acceptance, Seller to hand Buyer copies of the notices sent or received by Seller or provided to Seller by prior Owners of the property for Buyer's review. Buyer may, within ten days after receipt, terminate this agreement based on a reasonable disapproval of the conditions disclosed by the solar shade control notices.

11.13   Possession of the property and keys/access codes to be delivered: on close of escrow, or as stated in the attached Occupancy Agreement. [See ft Forms 271 and 272]

11.14   Seller to maintain the property in good condition until possession is delivered.

11.15   Fixtures and fittings attached to the property include, but are not limited to: window shades, blinds, light fixtures, plumbing fixtures, curtain rods, wall-to-wall carpeting, draperies, hardware, antennas, air coolers and conditioners, trees, shrubs, mailboxes and other similar items.

11.16   Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw. ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP code in which he or she resides.

12. **CLOSING CONDITIONS:**

12.1    This transaction to be escrowed with _____ TBD AT BUYER'S CHOICE _____.
Parties to deliver instructions to escrow as soon as reasonably possible after acceptance.

    a.    ☑ Escrow holder is authorized and instructed to act on the provisions of this agreement as the mutual escrow instructions of the parties and to draft any additional instructions necessary to close this transaction. [See ft Form 401]

----------------------- PAGE 3 OF 5 — FORM 150 -----------------------               S. B

-------------------------------------------------- PAGE 4 OF 5 — FORM 150 --------------------------------------------------

b.    L Escrow instructions, prepared and signed by the parties, are attached to be handed to escrow on acceptance. [See ft Form 401]

12.2   Escrow to be handed all instruments needed to close escrow on or before ____MAY 7____, 20 17____, or within __30__ days after acceptance. Parties to hand Escrow all documents required by the title insurer, lenders or other third parties to this transaction prior to seven days before the date scheduled for closing.

a.    Each party to pay its customary escrow charges. [See ft Forms 310 and 311]

12.3   Buyer's title to be subject to covenants, conditions, restrictions, reservations and easements of record.

12.4   Title to be vested in Buyer or Assignee free of encumbrances other than those set forth herein. Buyer's interest in title to be insured under a policy issued by _____TBD AT BUYERS CHOICE_____ title company on a(n) L Homeowner(s) policy (one-to-four units), I Residential ALTA-R policy (vacant or improved residential parcel), L Owner's policy (other than one-to-four units), I CLTA Joint Protection policy (also naming Carryback Seller or purchase-assist lender), or ⊬ Binder (to insure resale or refinance within two years).

a.    Endorsements _____

b.    ⊬ Seller, or I Buyer, to pay the title insurance premium.

12.5   Buyer to furnish a new fire insurance policy covering the property.

12.6   Taxes, assessments, insurance premiums, rents, interest and other expenses to be pro rated to close of escrow, unless otherwise provided.

12.7   Bill of Sale to be executed for any personal property being transferred.

12.8   If Seller is unable to convey marketable title as agreed, or if the improvements on the property are materially damaged prior to closing, Buyer may terminate the agreement. Seller to pay all reasonable escrow cancellation charges. [See ft Form 183]

## 13. NOTICE OF YOUR SUPPLEMENTAL PROPERTY TAX BILL:

California property tax law requires the Assessor to revalue real property at the time the ownership of the property changes. Because of this law, you may receive one or two supplemental tax bills, depending on when your loan closes.

The supplemental tax bills are not mailed to your lender. If you have arranged for your property tax payments to be paid through an impound account, the supplemental tax bills will not be paid by your lender. It is your responsibility to pay these supplemental bills directly to the Tax Collector.

If you have any questions concerning this matter, please call your local Tax Collector's Office.

## 14. NOTICE REGARDING GAS AND HAZARDOUS LIQUID PIPELINES:

This notice is being provided simply to inform you that information about the general location of gas and hazardous liquid transmission pipelines is available to the public via the National Pipeline Mapping System (NPMS) Internet Web site maintained by the United States Department of Transportation at http://www.npms.phmsa.dot.gov/. To seek further information about possible transmission pipelines near the property, you may contact your local gas utility or other pipeline operators in the area. Contact information for pipeline operators is searchable by ZIP Code and county on the NPMS Internet Web site.

## 15. BROKERAGE FEE:

15.1   Parties to pay the below mentioned Broker(s) a fee now due of L $_____, or ⊬ _____SIX % of the purchase price as follows:

a.    Seller to pay the brokerage fee on the change of ownership.

b.    The party wrongfully preventing this change of ownership to pay the brokerage fee.

15.2   Buyer's Broker and Seller's Broker, respectively, to share the brokerage fee _____:_____ or I. as specified in the attached Fee Sharing Agreement. [See ft Form 105]

15.3   Attached is the Agency Law Disclosure. [See ft Form 305]

15.4   Broker is authorized to report the sale, its price and terms for dissemination and use of participants in brokerage trade associations or listing services.

16. _____ BROKER IS REPRESENTING BOTH BUYER AND SELLER. _____
_____ BUYER IS RELATED TO THE BROKER _____
_____
_____
_____

.......... _n̸bre_ .......... .......... .......... PAGE 4 OF 5 — FORM 150 .......... .......... .......... S. B

-------------------------------- PAGE 5 OF 5 -- FORM 150 ------------- . ------------------ .  . ------------

| Buyer's/ Selling Broker: SHAHID NAEEM | Seller's/ Listing Broker: SHAHID NAEEM |
|---|---|
| Broker's CalBRE #: 01810268 | Broker's CalBRE #: 01810268 |
| Buyer's Agent: NA | Seller's Agent: NA |
| Agent's CalBRE #: NA | Agent's CalBRE #: NA |

| Signature: _____ | Signature: _____ |
|---|---|
| Is the agent of:    ⌐ Buyer exclusively.<br>     ⌐ Both Seller and Buyer. | Is the agent of:    ⌐ Seller exclusively.<br>     ⌐ Both Seller and Buyer. |
| Address:    4371 VANALDEN AVE<br>     TARZANA, CA 91356 | Address:    4371 VANALDEN AVE<br>     TARZANA, CA 91356 |
| Phone: 310-776-7180   Cell: 310-498-3979 | Phone: 310-776-7180   Cell: 310-498-3979 |
| Email: SNAEEM@ACCESSGROUPONLINE.COM | Email: SNAEEM@ACCESSGROUPONLINE.COM |

| I agree to the terms stated above.<br>⌐ See attached Signature Page Addendum. [ft Form 251] | I agree to the terms stated above.<br>⌐ See attached Signature Page Addendum. [ft Form 251] |
|---|---|
| Date: APRIL 9 , 20 17 | Date: _____ , 20 ____ |
| Buyer: CHARLES STREET LLC. | Seller: ARKADY BUZIN |
| Signature: _____ | Signature: _____ |
| Buyer: FOR: CHARLES STREET LLC. | Seller: _____ |
| Signature: _____ | Signature: _____ |

## REJECTION OF OFFER

Undersigned hereby rejects this offer in its entirety. No counteroffer will be forthcoming.

Date: _____ , 20 ____

Name: _____

Signature: _____

Name: _____

Signature: _____

| FORM 150 | 12-14 | ©2014 first tuesday, P.O. BOX 5707, RIVERSIDE, CA 92517 (951) 781-7300 |
|---|---|---|

# Exhibit E

EQUITY SHARING ADDENDUM

Prepared by: Agent NA
Broker SHAHID NAEEM
Phone 310-776-7180
Email SNAEEM@ACCESSGROUPC

DATE: APRIL 14 , 20 17 , at 19237 CHARLES STREET, TARZANA , California.

*Items left blank or unchecked are not applicable.*

**FACTS:**

1. This is an addendum to the following agreement:
   ✓ Purchase agreement
   ☐ Counteroffer
   ☐ Exchange agreement

   1.1 dated APRIL 9 , 20 17
   1.2 entered into by SELLER AND BUYER
   1.3 regarding real estate referred to as 19237 CHARLES STREET, TARZANA CA 91356

**AGREEMENT:**

2. In addition to the terms and conditions of the above-referenced agreement, the undersigned agree as follows:

   2.1 Purchase is contingent on Buyer locating an investor to form an equity-sharing partnership or limited liability company and fund the down payment.
      a. Within 15 days of acceptance, Buyer to waive this contingency. Failure to do so entitles Seller to cancel the agreement.

   2.2 Buyer reserves the right to assign his purchase rights to a partnership or limited liability company to be formed prior to close of escrow.

   2.3 Vesting to be in the name of the partnership or limited liability company.

   2.4 ARKADY BUZIN AND SVETLANA BUZINA, HUSBAND AND WIFE, TO INVEST UP TO FOUR HUNDRED THOUSAND DOLLARS (UP TO $400,000.00) IN THE BUYING ENTITY HEREINAFTER REFERED TO AS "THE LLC".

   THE LLC, IN ITS SOLE DESCRETION, IS TO SPEND UP TO TWO HUNDRED THOUSAND DOLLARS ($200,000.00) IN ORDER TO IMPROVE AND UPDATE AND ENHANCE THE PROPERTY AND LIST IT WITH SHAHID NAEEM FOR IMMEDEATE SALE. ANY AND ALL SALE PROCEEDS TO BE SHARED AS FOLLOWS:

   1) ANY AND ALL EXPENSES INCLUDING BUT NOT LIMITED TO REPAIRS, UPDATING, LOANS AND ENCUMBERENCES, HOLDING COSTS SHALL BE PAID OUT. 2) ORIGINAL INVESTMENT OF THE SELLER TO BE PAID NEXT. 3) ANY AND ALL PROFITS OR LOSSES SHALL BE SHARED AT 20% TO THE SELLER AND 80% TO THE LLC. 4) IF THE BUZIN'S INVESTMENT IS MORE OR LESS THAN THE ABOVE STATED AMOUNT, THE NET PROCEEDS AFTER THE SALE SHALL BE PRORATED ACCORDINGLY.

Date: 4-14 , 20 17          Date: 04-14 , 20 17

Buyer: _____          Seller: _____

Buyer: _____          Seller: _____

FORM 145-2

# Exhibit F

 **Boulevard Escrow Services, Inc.**

17337 Ventura Blvd, Suite 300
Encino, CA 91316

Phone: (818) 528-6711
Fax:

Sally Lucero
Escrow Officer

Date: May 4, 2017
Escrow No.: 003018-SL

## AMENDED ESCROW INSTRUCTIONS

Property Address:    19237 Charles Street, Los Angeles (Area of Tarzana), CA 91356

THE ABOVE NUMBERED ESCROW IS HEREBY AMENDED AND/OR SUPPLEMENTED AS FOLLOWS:

**BUYER'S VESTING:** Charles Street Investments Inc., a Wyoming Corporation

**Close of escrow** is hereby amended to be May 8, 2017.

The parties hereto acknowledge that Shahid Naeem, Broker/Real Estate Agent is related to Inaam Rasheed Naeem of Charles Street Investments Inc. a Wyoming Corporation and is also receiving a commission as an agent/broker.

**THE TERMS ARE AMENDED AS FOLLOWS:** Let this be your authority to amend the original escrow instructions dated April 17, 2017 accordingly to reflect the new purchase price, new loan amount and the new balance of funds to be deposited into escrow.

Buyer will hand BOULEVARD ESCROW SERVICES, INC.
initial deposit in the amount of _____ 1,000.00
Buyer herein to obtain a new first trust deed loan in the amount of $ _____ 1,560,000.00
Buyer herein to execute a purchase money second trust deed loan in the amount of $100,000.00
Buyer herein to execute a purchase money third trust deed loan in the amount of $ 300,000.00

**Total Consideration** _____ **$1,800,000.00**

**NEW LOAN:** Buyer will obtain a new loan in the amount of **$1,560,000.00** secured by a **first** deed of trust in favor of **Cardenas Three LLC** payable at an interest rate of **8.5000%** per annum for **1 years.** Buyer agrees to comply with lenders loan requirements and to pay lender's loan fees. Buyer's signature on said documents shall be indication of their approval of all terms and conditions contained therein and Escrow Holder's authorization for the use of same.

**NEW LOAN:** Buyer will obtain a new loan in the amount of **$100,000.00** secured by a **second** deed of trust in favor of **Arkady Buzin and Svetlana Buzina, Husband and Wife as Joint Tenants** payable at an no interest all due and payable in **60 days** after the close of escrow. Buyer agrees to comply with lenders loan requirements and to pay lender's loan fees. Buyer's signature on said documents shall be indication of their approval of all terms and conditions contained therein and Escrow Holder's authorization for the use of same.

**NEW LOAN:** Buyer will obtain a new loan in the amount of **$300,000.00** secured by a **third** deed of trust in favor of **Arkady Buzin and Svetlana Buzina, Husband and Wife as Joint Tenants** payable at no interest all due and payable in **36 months** after the close of escrow. Buyer agrees to comply with lenders loan requirements and to pay lender's loan fees. Buyer's signature on said documents shall be indication of their approval of all terms and conditions contained therein and Escrow Holder's authorization for the use of same.

ALL OTHER TERMS AND CONDITIONS TO REMAIN THE SAME.

**SELLERS:**

_____
Arkady Buzin

_____
Svetlana Buzina

**BUYERS:**

Charles Street Investments Inc., a Wyoming Corporation

By: _____
Inaam Rasheed Naeem

## PURCHASE AGREEMENT
One-to-Four Residential Units — Conventional and Carryback Financing

| | |
|---|---|
| Prepared by: Agent _____ NA _____ | Phone _____ 310-776-7180 |
| Broker _____ SHAHID NAEEM _____ | Email SNAEEM@ACCESSGROUPONLINE |

**NOTE:** This form is used by a buyer's agent when preparing an offer for their buyer to purchase one-to-four unit residential property, the price to be financed using existing, new conventional or seller carryback financing.

**DATE:** _____ APRIL 9 ____ 20 _17_ , at _____ 19237 CHARLES STREET, TARZANA _____, California.
*Items left blank or unchecked are not applicable.*

**FACTS:**

1. Received from _____ CHARLES STREET LLC AND OR ASSIGNS _____, as the Buyer(s),
   1.1 the sum of $1,000.00 _____, evidenced by i personal check, or i
       payable to _____ ACCESS GROUP _____, for deposit only on acceptance of this offer.
   1.2 Deposit to be applied toward Buyer's obligations under this agreement to purchase property
   1.3 situated in the City of _____ TARZANA _____, County of _____ LOS ANGELES _____, California,
   1.4 referred to as _____ 19237 CHARLES STREET, TRAZNA, CA 91356 _____
   1.5 including personal property, i. see attached Personal Property Inventory [See ft Form 256]
2. This agreement is comprised of this five-page form and __2__ pages of addenda/attachments.

**TERMS:** Buyer to pay the purchase price as follows:

3. Cash payment through escrow, including deposits, in the amount of........................................$ 1,000.00
   3.1 Other consideration to be paid through escrow _____........................$
4. Buyer to obtain a i. first, or i. second, trust deed loan in the amount of..........................$ 1,399,000.00
   payable approximately $TBD _____ monthly for a period of ____ TBD ____ years.
   Interest on closing not to exceed _____ 10%, i. ARM, type: _____.
   Loan points not to exceed ____4____
   4.1 i. Unless Buyer, within ___5___ days after acceptance, hands Seller satisfactory written
       confirmation Buyer has been pre-approved for the financing of the   purchase   price,
       Seller may terminate the agreement. [See ft Form 183]
5. i. Take title subject to, or i. Assume, an existing first trust deed note held by
   _____ with an unpaid principal balance of..........$ _____
   payable $_____ monthly, including interest not exceeding _____%,
   i ARM, type _____, i. plus a monthly tax/insurance impound
   payment of $_____
   5.1 At closing, loan balance differences per beneficiary statement(s) to be adjusted into:
       i cash, i. carryback note, or i. sales price.
   5.2 The impound account to be transferred: i. charged, or i. without charge, to Buyer.
6. i. Take title subject to, or i Assume, an existing second trust deed note held by
   _____ with an unpaid principal balance of..........$ _____
   payable $_____ monthly, including interest not exceeding _____%,
   i ARM, type _____, due _____, 20 ____.
7. Assume an improvement bond lien with an unpaid principal balance of..............................$ _____
8. Note for the balance of the purchase price in the amount of..........................................$ 400,000.00
   to be executed by Buyer in favor of Seller and secured by a trust deed on the property
   junior to any above referenced financing, payable $0.00 _____ monthly, or more,
   beginning one month after closing, including interest at ____8.00% per annum from closing, due
   ___1___ years after closing.
   8.1 This note and trust deed to contain provisions to be provided by Seller for:
       i. due-on-sale, i. prepayment penalty, i. late charges, i _____ NA _____.
   8.2 Loan Purpose Statement is attached. [See ft Form 202-2]
   8.3 Financial Disclosure Statement is attached as an addendum. [See ft Form 300]
   8.4 Buyer to provide a Request for Notice of Default and Notice of Delinquency to senior
       encumbrancers. [See ft Form 412]
   8.5 Buyer to hand Seller a completed credit application on acceptance. [See ft Form 302]
   8.6 Within __NA__ days of receipt of Buyer's credit application, Seller may terminate the
       agreement based on a reasonable disapproval of Buyer's creditworthiness.
   8.7 Seller may terminate the agreement on failure of the agreed terms for priority financing.
       [See ft Form 183]
   8.8 As additional security, Buyer to execute a security agreement and file a UCC-1 financing
       statement on any property transferred by Bill of Sale. [See ft Form 436]
9. Total Purchase Price is..................................................................................................$ 1,800,000.00

_____ FAC i Cr 5   FORM 150 __4 B__ __5 B__

······························· ··············· · PAGE 2 OF 5 — FORM 150 ······· ·· ···· ·············· ·········· ····

**10. ACCEPTANCE AND PERFORMANCE:**

10.1  This offer to be deemed revoked unless accepted in writing ⌊ on presentation, or ⌊ within _____ days after date, and acceptance is personally delivered or faxed to Offeror or Offeror's Broker within this period.

10.2  After acceptance, Broker(s) are authorized to extend any performance date up to one month.

10.3  On the inability of Buyer to obtain or assume financing as agreed by the date scheduled for closing, Buyer may terminate the agreement.

10.4  Buyer's close of escrow is conditioned on Buyer's prior or concurrent closing on a sale of other property, commonly referred to as _____

10.5  Any termination of the agreement will be by written Notice of Cancellation timely delivered to the other party, the other party's Broker or escrow, with instructions to escrow to return all instruments and funds to the parties depositing them. [See ft Form 183]

10.6  Both parties reserve their rights to assign and agree to cooperate in effecting an Internal Revenue Code §1031 exchange prior to close of escrow on either party's written notice. [See ft Forms 171 or 172]

10.7  Before any party to this agreement files an action on a dispute arising out of this agreement which remains unresolved after 30 days of informal negotiations, the parties agree to enter into non-binding mediation administered by a neutral dispute resolution organization and undertake a good faith effort during mediation to settle the dispute.

10.8  If Buyer breaches the agreement, Buyer's monetary liability to Seller is limited to ⌊ $_____, or ⌊ the deposit receipted in Section 1.

**11. PROPERTY CONDITIONS:**

11.1  Seller to furnish prior to closing:

    a.  ⌊ a structural pest control inspection report and certification of clearance of corrective conditions.

    b.  ⌊ a home inspection report prepared by an insured home inspector showing the land and improvements to be free of material defects.

    c.  ⌊ a one-year home warranty policy:
       Insurer _____ TBD _____
       Coverage _____

    d.  ⌊ a certificate of occupancy, or other clearance or retrofitting, required by local ordinance for the transfer of possession or title.

    e.  ⌊ a certification by a licensed contractor stating the sewage disposal system is functioning properly, and if it contains a septic tank, is not in need of pumping.

    f.  ⌊ a certification by a licensed water testing lab stating the well supplying the property meets potable water standards.

    g.  ⌊ a certification by a licensed well-drilling contractor stating the well supplying the property produces a minimum of _____ gallon(s) per minute.

    h.  ⌊ Energy Audit Report stating the rating for the property's improvements is no greater than _____.

    i.  ⌊ _____

    j.  ⌊ _____

    k.  ⌊ _____

11.2  Seller's Condition of Property Disclosure – Transfer Disclosure Statement (TDS) [See ft Form 304]

    a.  ⌊ is attached; or

    b.  ⌊ is to be handed to Buyer on acceptance for Buyer's review. Within ten days after receipt, Buyer may either cancel the transaction based on a reasonable disapproval of the disclosure or deliver to Seller or Seller's Broker a written notice itemizing any material defects in the property disclosed by the statement and unknown to Buyer prior to acceptance. [See ft Form 269] Seller to repair, replace or correct noticed defects prior to closing.

    c.  On Seller's failure to repair, replace or correct noticed defects under §11.2b or §11.4a, Buyer may tender the purchase price reduced by the cost to repair, replace or correct the noticed defects, or close escrow and pursue available remedies. [See ft Form 183]

11.3  Seller's Transfer Fee Disclosure Statement [See ft Form 304-2]

    a.  ⌊ is attached; or

    b.  ⌊ is to be handed to Buyer on acceptance for Buyer's review. Within ten days after receipt, Buyer may terminate this agreement based on a reasonable disapproval of the Transfer Fee Disclosure

    c.  Seller to pay any transfer fees arising out of the transaction.

_____ ·····················PAGE 2 OF 5 — FORM 150 ··········    S. B

·············································· PAGE 3 OF 5 — FORM 150 ·············································

11.4 Buyer to inspect the property twice:

a. An initial property inspection is required on acceptance to confirm the property's condition is substantially the same as observed by Buyer and represented by Seller or Seller's Agents prior to acceptance, and if not substantially the same, Buyer to promptly notify Seller in writing of undisclosed material defects discovered. [See ft Form 269] Seller to repair, replace or correct noticed defects prior to closing; and

b. A final walk-through inspection is required within five days before closing to confirm the correction of any noticed defects under §11.2b and §11.4a and maintenance under §11 14. [See ft Form 270]

11.5 Seller's Natural Hazard Disclosure Statement (NHD) [See ft Form 314] ·  is attached, or '  is to be handed to Buyer on acceptance for Buyer's review. Within ten days of Buyer's post-acceptance receipt of the NHD, Buyer may terminate the agreement based on a reasonable disapproval of hazards disclosed by the statement and unknown to Buyer prior to acceptance. [See ft Form 182 and 183]

11.6 Buyer acknowledges receipt of a booklet and related Seller disclosures containing ι  *Environmental Hazards: A Guide for Homeowners, Buyers, Landlords and Tenants* (on all one-to-four units) [See ft Form 316-1], ι *Protect Your Family from Lead in Your Home* (on all pre-1978 one-to-four units) [See ft Form 313], and ι  *The Homeowner's Guide to Earthquake Safety* (on all pre-1980 one-to-four units). [See ft Form 315]

11.7 The property is located in: ι  an industrial use area, ι  a military ordnance area, ι  a rent control area, ι  airport, farmland, San Francisco Bay or mining operation area. see attached Notice Addendum [See ft Form 308] or ι  _____

11.8 On acceptance, Seller to hand Buyer the following property operating information:

a. ι  Property Expense Report for Buyer's review within ten days of receipt; Buyer may terminate the agreement during the review period based on a reasonable disapproval of the information received. [See ft Form 306]

b. ι  See attached Leasing and Operating Addendum for additional conditions. [See ft Form 275]

11.9 ι  The property is located in a Homeowners' Association (HOA) community. The Homeowners' Association (HOA) Addendum [See ft Form 309]:

a. ι  is attached, or

b. ι  is to be handed to Buyer on acceptance for Buyer's review.

c. Within ten days of Buyer's post-acceptance receipt of the association documents, Buyer may terminate the agreement based on a reasonable disapproval of the documents  [See ft Form 183]

11.10 Seller's Neighborhood Security Disclosure [See ft Form 321]

a. ι  is attached, or

b. ι  is to be handed to Buyer on acceptance for Buyer's review. Within ten days after receipt, Buyer may terminate this agreement based on a reasonable disapproval of the Criminal Activity and Security Disclosure Statement.

11.11 Complying smoke detector(s) and water heater bracing exist, and if not, Seller to install.

11.12 If this property or an adjoining property contains a solar collector authorized by the Solar Shade Control Act (California Public Resources Code §25980 et seq,) and notice of its existence has been sent or received by Seller, then on acceptance, Seller to hand Buyer copies of the notices sent or received by Seller or provided to Seller by prior Owners of the property for Buyer's review. Buyer may, within ten days after receipt, terminate this agreement based on a reasonable disapproval of the conditions disclosed by the solar shade control notices.

11.13 Possession of the property and keys/access codes to be delivered:  on close of escrow, or  as stated in the attached Occupancy Agreement. [See ft Forms 271 and 272]

11.14 Seller to maintain the property in good condition until possession is delivered.

11.15 Fixtures and fittings attached to the property include, but are not limited to: window shades, blinds, light fixtures, plumbing fixtures, curtain rods, wall-to-wall carpeting, draperies, hardware, antennas, air coolers and conditioners, trees, shrubs, mailboxes and other similar items

11.16 Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an internet Web site maintained by the Department of Justice at www.meganslaw. ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP code in which he or she resides.

12. CLOSING CONDITIONS:

12.1 This transaction to be escrowed with _____    TBD AT BUYER'S CHOICE _____
Parties to deliver instructions to escrow as soon as reasonably possible after acceptance.

a ι  Escrow holder is authorized and instructed to act on the provisions of this agreement as the mutual escrow instructions of the parties and to draft any additional instructions necessary to close this transaction. [See ft Form 401]

··········································· PAGE 3 OF 5 — FORM 150 ·································            S. B

·············· ······································ PAGE 4 OF 5 — FORM 150 ················ ·· · ··· ··········· ··

    b.    ∟ Escrow instructions, prepared and signed by the parties, are attached to be handed to escrow on acceptance. [See ft Form 401]

12.2  Escrow to be handed all instruments needed to close escrow on or before ____MAY 7____, 2017____, or within __30__ days after acceptance. Parties to hand Escrow all documents required by the title insurer, lenders or other third parties to this transaction prior to seven days before the date scheduled for closing.

    a.    Each party to pay its customary escrow charges. [See ft Forms 310 and 311]

12.3  Buyer's title to be subject to covenants, conditions, restrictions, reservations and easements of record.

12.4  Title to be vested in Buyer or Assignee free of encumbrances other than those set forth herein. Buyer's interest in title to be insured under a policy issued by _____TBD AT BUYERS CHOICE_____ title company on a(n) ∟ Homeowner(s) policy (one-to-four units), ∟ Residential ALTA-R policy (vacant or improved residential parcel), ∟ Owner's policy (other than one-to-four units), ∟ CLTA Joint Protection policy (also naming Carryback Seller or purchase-assist lender), or ∟ Binder (to insure resale or refinance within two years).

    a.    Endorsements _____

    b.    ∟ Seller, or ∟ Buyer, to pay the title insurance premium.

12.5  Buyer to furnish a new fire insurance policy covering the property.

12.6  Taxes, assessments, insurance premiums, rents, interest and other expenses to be pro rated to close of escrow, unless otherwise provided.

12.7  Bill of Sale to be executed for any personal property being transferred.

12.8  If Seller is unable to convey marketable title as agreed, or if the improvements on the property are materially damaged prior to closing, Buyer may terminate the agreement. Seller to pay all reasonable escrow cancellation charges. [See ft Form 183]

13. NOTICE OF YOUR SUPPLEMENTAL PROPERTY TAX BILL:

California property tax law requires the Assessor to revalue real property at the time the ownership of the property changes. Because of this law, you may receive one or two supplemental tax bills, depending on when your loan closes.

The supplemental tax bills are not mailed to your lender. If you have arranged for your property tax payments to be paid through an impound account, the supplemental tax bills will not be paid by your lender  It is your responsibility to pay these supplemental bills directly to the Tax Collector.

If you have any questions concerning this matter, please call your local Tax Collector's Office.

14. NOTICE REGARDING GAS AND HAZARDOUS LIQUID PIPELINES:

This notice is being provided simply to inform you that information about the general location of gas and hazardous liquid transmission pipelines is available to the public via the National Pipeline Mapping System (NPMS) Internet Web site maintained by the United States Department of Transportation at http://www.npms.phmsa.dot.gov/. To seek further information about possible transmission pipelines near the property, you may contact your local gas utility or other pipeline operators in the area. Contact information for pipeline operators is searchable by ZIP Code and county on the NPMS Internet Web-site.

15. BROKERAGE FEE:

15.1  Parties to pay the below mentioned Broker(s) a fee now due of ∟ $_____, or ∟ _____SIX__% of the purchase price as follows:

    a.    Seller to pay the brokerage fee on the change of ownership.

    b.    The party wrongfully preventing this change of ownership to pay the brokerage fee.

15.2  Buyer's Broker and Seller's Broker, respectively, to share the brokerage fee _____; or ∟ as specified in the attached Fee Sharing Agreement. [See ft Form 105]

15.3  Attached is the Agency Law Disclosure. [See ft Form 305]

15.4  Broker is authorized to report the sale, its price and terms for dissemination and use of participants in brokerage trade associations or listing services.

15. _____BROKER IS REPRESENTING BOTH BUYER AND SELLER._____

_____BUYER IS RELATED TO THE BROKER_____

_____

_____

_____

·······_____·········································· · · PAGE 4 OF 5 — FORM 150·······_____·········· ·_____ S. B

PAGE 5 OF 5 — FORM 150

| Buyer's/ | | Seller's/ | |
|---|---|---|---|
| Selling Broker: | SHAHID NAEEM | Listing Broker: | SHAHID NAEEM |
| Broker's CalBRE #: | 01810268 | Broker's CalBRE #: | 01810268 |
| Buyer's Agent: | NA | Seller's Agent: | NA |
| Agent's CalBRE #: | NA | Agent's CalBRE #: | NA |

Signature: _____

Is the agent of:      ∟ Buyer exclusively.
                              ⊠ Both Seller and Buyer.

Address:        4371 VANALDEN AVE
                     TARZANA, CA 91356

Phone:   310-776-7180   Cell:   310-498-3979

Email:   SNAEEM@ACCESSGROUPONLINE.COM

Signature: _____

Is the agent of:      ∟ Seller exclusively.
                              ⊠ Both Seller and Buyer.

Address:        4371 VANALDEN AVE
                     TARZANA, CA 91356

Phone:   310-776-7180   Cell:   310-498-3979

Email:   SNAEEM@ACCESSGROUPONLINE.COM

I agree to the terms stated above.
∟ See attached Signature Page Addendum. [ft Form 251]

Date:   APRIL 9   , 20 17

Buyer:        CHARLES STREET LLC.

Signature: _____

Buyer:        FOR: CHARLES STREET LLC.

Signature: _____

I agree to the terms stated above.
∟ See attached Signature Page Addendum. [ft Form 251]

Date: _____ , 20_____

Seller: ARKADY BUZIN

Signature: _____

Seller: _____

Signature: _____

### REJECTION OF OFFER

Undersigned hereby rejects this offer in its entirety. No counteroffer will be forthcoming.

Date: _____ , 20_____

Name: _____

Signature: _____

Name: _____

Signature: _____

| FORM 150 | 12-14 | ©2014 first tuesday, P.O. BOX 5707, RIVERSIDE, CA 92517 .(951) 781-7300 |
|---|---|---|

# Exhibit G

This page is part of your document - DO NOT DISCARD

## 20170504869

 

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**05/05/17 AT 03:20PM**

**Pages:**
**0003**

| | |
|---|---|
| FEES: | 45.00 |
| TAXES: | 10,080.00 |
| OTHER: | 0.00 |
| PAID: | 10,125.00 |

**PCOR SURCHARGE $20.00**



**LEADSHEET**



201705053310027

00013684849



008312856

**SEQ:**
**01**

DAR - Counter (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**

**RECORDING REQUESTED BY:**
Property ID Title

**AND WHEN RECORDED MAIL TO:**

CHARLES STREET INVESTMENTS
18653 Ventura Blvd #193
Tarzana, CA 91346

THIS SPACE FOR RECORDER'S USE ONLY:

| | |
|---|---|
| **Title Order No.:** 17-12307 | **Escrow No.:** 003018-SL |
| **AP#:** 2176-005-023 | **GRANT DEED** |

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
   DOCUMENTARY TRANSFER TAX is $1,980.00  CITY TRANSFER TAX $8,100.00
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Arkady Buzin and Svetlana Buzina, Husband and Wife as Joint Tenants**

hereby GRANT(s) to:

**Charles Street Investments Inc., a Wyoming Corporation**
the real property in the City of Los Angeles, County of Los Angeles, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
**Also Known as:** 19237 Charles Street, Los Angeles (Area of Tarzana), CA 91356

Dated May 4, 2017

Arkady Buzin

Svetlana Buzina

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF _____ Los Angeles
On __5/4/2017__ before me, _Sally Lucero_ A Notary Public personally
appeared _Arkady Buzin & Svetlana Buzina_ who proved to me on the
basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.
WITNESS my hand and official seal.

Signature _____ (Seal)

SALLY LUCERO
Notary Public - California
Los Angeles County
Commission # 2185524
My Comm Expires Mar 24, 2021

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE:

## EXHIBIT "A"

THAT PORTION OF LOT 75 OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27, PAGE 55 ET SEQ. OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE EASTERLY LINE OF VANALDEN AVENUE, 60 FEET WIDE, AS SHOWN ON THE MAP OF TRACT NO. 8200, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 114, PAGE 62 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AT THE MOST NORTHERLY CORNER OF THE LAND CONVEYED TO A. P. BRANDENBERG AND PEGGY BRANDENBERG, BY DEED RECORDED ON MAY 8, 1945 IN BOOK 21924, PAGE 302, OFFICIAL RECORDS, SAID MOST NORTHERLY CORNER BEING AT THE INTERSECTION OF THE EASTERLY LINE OF VANALDEN AVENUE WITH THE CENTER LINE OF THAT CERTAIN 60 FOOT STRIP SHOWN ON THE MAP FILED IN BOOK 49, PAGE 41 OF RECORD OF SURVEY'S; THENCE FROM SAID POINT OF BEGINNING NORTH 27° 41' 15" EAST 78.87 FEET ALONG SAID EASTERLY LINE OF VANALDEN AVENUE; THENCE LEAVING SAID EASTERLY LINE, SOUTH 62° 56' 14" EAST 200 FEET; THENCE SOUTH 41° 04' 42" EAST 78.09 FEET; THENCE SOUTH 54° 17' 29" WEST 75.40 FEET; THENCE SOUTH 39° 42' 42" WEST 144.87 FEET TO A POINT ON A CURVE CONCAVE NORTHEASTERLY AND HAVING A RADIUS OF 450 FEET, IN THE CENTER LINE OF SAID 60 FOOT STRIP, A RADIAL BEARING AT SAID POINT BEING SOUTH 53° 55' 57" WEST; THENCE NORTHWESTERLY ALONG SAID CURVE AND CENTER LINE A DISTANCE OF 103.57 FEET TO THE END OF SAID CURVE; THENCE TANGENT TO SAID CURVE, NORTH 22° 52' 50" WEST 157.92 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM: THAT PORTION OF SAID LOT 75 DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST SOUTHERLY CORNER OF PARCEL B OF PARCEL MAP L.A. NO. 2590 AS PER MAP FILED IN BOOK 49, PAGE 9 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, THENCE NORTH 41° 04' 42" WEST 66.83 FEET; THENCE NORTH 62° 56' 14" WEST 20.95 FEET; THENCE SOUTH 11° 06' 55" EAST 13.50 FEET; THENCE SOUTH 16° 15' 36" WEST 21.83 FEET; THENCE SOUTH 21° 38' 15" WEST 10.96 FEET; THENCE SOUTH 36° 28' 50" EAST 64.75 FEET; THENCE NORTH 54° 17' 29" EAST 48.07 FEET; THENCE NORTH 41° 04' 42" WEST 11.26 FEET TO THE POINT OF BEGINNING.

APN: 2176-005-023

17-12307

Property ID Title Company
1001 Wilshire Blvd., 2nd Floor, Los Angeles, CA 90017

# Exhibit H



**Boulevard Escrow Services, Inc.**

17337 Ventura Blvd, Suite 300
Encino, CA 91316

Phone: (818) 528-6711
Fax:

## SELLER'S FINAL SETTLEMENT STATEMENT

| | | | |
|---|---|---|---|
| **PROPERTY:** | 19237 Charles Street<br>Los Angeles (Area of Tarzana), CA 91356 | **DATE:** | May 8, 2017 |
| **SELLER:** | Arkady Buzin and Svetlana Buzina | **CLOSING DATE:**<br>**ESCROW NO.:** | May 5, 2017<br>003018-SL |

| | **DEBITS** | **CREDITS** |
|---|---|---|
| **FINANCIAL CONSIDERATION** | | |
| Total Consideration | | 1,800,000.00 |
| New 2nd Trust Deed – Arkady Buzin and Svetlana Buzina, Husband and Wife as Joint Tenants | 100,000.00 | |
| New 3rd Trust Deed – Arkady Buzin and Svetlana Buzina, Husband and Wife as Joint Tenants | 300,000.00 | |
| | | |
| **PAYOFF CHARGES – Select Portfolio Sevicing** | | |
| **[Total Payoff $827,715.83]** | | |
| Principal Balance | 779,292.50 | |
| Interest on Principal Balance | 23,792.19 | |
| Recording Fee | 45.00 | |
| Late Charges | 656.28 | |
| Loan Level Advance Balance | 122.00 | |
| Incurred Legal Fees and Costs | 1.07 | |
| Escrow/Impound Advance Balance | 23,806.79 | |
| | | |
| **PAYOFF CHARGES –** | | |
| **[Total Payoff $406,014.64]** | | |
| Principal Balance | 350,000.00 | |
| Interest on Principal Balance | 46,395.07 | |
| Payment on Account | 2,092.00 | |
| Payment on Account | 221.00 | |
| Payment on Account | 1,154.00 | |
| Late Charges | 3,323.28 | |
| Legal Fees | 1,500.00 | |
| Additional Late Charges | 1,329.29 | |
| | | |
| **PRORATIONS/ADJUSTMENTS** | | |
| County Taxes at $7,760.75/semi-annually from 05/05/2017 to 07/01/2017 | | 2,414.46 |
| | | |
| **COMMISSION CHARGES** | | |
| Access Group | 108,000.00 | |
| | | |
| **OTHER DEBITS/CREDITS** | | |
| Disclosure Save NHD Natural Hazard Report Fee | 63.00 | |
| Department of Building and Safety $70.85 | 70.85 | |
| LA DWP Certificate Of Compliance Filing Fee | 15.00 | |
| First American Home Buyers Protection Home Warranty | 650.00 | |
| | | |
| **TITLE/TAXES/RECORDING CHARGES – Property ID Title** | | |
| Title – Owner's Title Insurance & JP | 3,376.00 | |
| Title – Messenger Fee | 69.41 | |
| Title – Sub Escrow Fee | 62.50 | |
| Title – Wire Fee | 25.00 | |
| Recording Grant Deed | 45.00 | |
| Miscellaneous Recording Fees | 7.00 | |
| Transfer Tax – County to Los Angeles County | 1,980.00 | |
| Transfer Tax – City to City of Los Angeles | 8,100.00 | |
| Property Taxes HOLD UNTIL CONFIRMED PAID to Los Angeles County Tax Collector | 17,083.66 | |
| Taxes 15/47036268 | 354.04 | |
| | | |
| **ESCROW CHARGES – Boulevard Escrow Services, Inc.** | | |
| Title – Escrow Fee | 3,800.00 | |
| Title– Wire Fee | 60.00 | |
| | | |
| **Net Proceeds** | 24,922.54 | |

*[handwritten: ⑤221.51  pd 5/22/2017]*

Date:  May 8, 2017

Page 2 of 2:

**TOTAL**

Escrow No.:  003018-SL

|  | DEBITS | CREDITS |
|---|---|---|
|  | $ 1,802,414.46 | $ 1,802,414.46 |

**SAVE THIS STATEMENT FOR INCOME TAX PURPOSES**

## EQUITY SHARING ADDENDUM

Prepared by: Agent NA
Broker SHAHID NAEEM
Phone 310-778-7180
Email SNAEEM@ACCESSGROUPC

DATE: APRIL 14 , 20 17 , at 19237 CHARLES STREET, TARZANA , California.

Items left blank or unchecked are not applicable.

**FACTS:**

1. This is an addendum to the following agreement;

   ✓ Purchase agreement

   Counteroffer

   Exchange agreement

   1.1 dated APRIL 9 , 20 17

   1.2 entered into by SELLER AND BUYER

   1.3 regarding real estate referred to as 19237 CHARLES STREET, TARZANA CA 91356

**AGREEMENT:**

2. In addition to the terms and conditions of the above-referenced agreement, the undersigned agree as follows:

   2.1 Purchase is contingent on Buyer locating an investor to form an equity-sharing partnership or limited liability company and fund the down payment.

   a. Within 15 days of acceptance, Buyer to waive this contingency. Failure to do so entitles Seller to cancel the agreement.

   2.2 Buyer reserves the right to assign his purchase rights to a partnership or limited liability company to be formed prior to close of escrow.

   2.3 Vesting to be in the name of the partnership or limited liability company.

   2.4 ARKADY BUZIN AND SVETLANA BUZINA, HUSBAND AND WIFE, TO INVEST UP TO FOUR HUNDRED

   THOUSAND DOLLARS (UP TO $400,000.00) IN THE BUYING ENTITY HEREINAFTER REFERED TO AS

   "THE LLC".

   THE LLC, IN ITS SOLE DESCRETION, IS TO SPEND UP TO TWO HUNDRED THOUSAND DOLLARS ($200,000.00)

   IN ORDER TO IMPROVE AND UPDATE AND ENHANCE THE PROPERTY AND LIST IT WITH SHAHID NAEEM

   FOR IMMEDEATE SALE. ANY AND ALL SALE PROCEEDS TO BE SHARED AS FOLLOWS:

   1) ANY AND ALL EXPENSES INCLUDING BUT NOT LIMITED TO REPAIRS, UPDATING, LOANS AND

   ENCUMBERENCES. HOLDING COSTS SHALL BE PAID OUT. 2) ORIGINAL INVESTMENT OF THE SELLER TO

   BE PAID NEXT. 3) ANY AND ALL PROFITS OR LOSSES SHALL BE SHARED AT 20% TO THE SELLER AND 80%

   TO THE LLC. 4) IF THE BUZIN'S INVESTMENT IS MORE OR LESS THAN THE ABOVE STATED AMOUNT, THE

   NET PROCEEDS AFTER THE SALE SHALL BE PRORATED ACCORDINGLY.

Date: 4-14- , 20 17

Buyer:

Buyer:

Date: 04-15 , 20 17

Seller:

Seller:

FORM 155-2

# Exhibit I

**CALIFORNIA
ASSOCIATION
OF REALTORS**

**NOTICE TO
PERFORM COVENANT (CURE) OR QUIT**
(C.A.R. Form PCQ, Revised 12/16)

To: _ARKADY BUZIN, SVETLANA BUZINA_ ("Tenant")
and any other occupant(s) in possession of the premises located at: _19237 CHARLES STREET_
_____ (Street Address) _____ (Unit/Apartment #)
_TARZANA_ _____ (City) _CA_ (State) _91356_ (Zip Code) ("Premises").
Other notice address if different from Premises above: _____

Notice to the above-named person(s) and any other occupants of the above-referenced Premises:
WITHIN 3 (OR ☐ _____ (BUT NOT LESS THAN 3)) DAYS from service of this Notice you are required to either:
1. (A) Perform the following covenant or cure the following breach of your rental agreement: _VACATE PREMISES IN_
   _GOOD CONDITION WITHIN 30 DAYS OF CLOSE OF ESCROW_ _____
   _____
   _____
   _____

   (B) Pay the required monetary obligation, which is past due, for obligation other than rent in the amount specified
   below, as follows:
   (I) Past Due Amount: $ _____ _25,000.00 required by 07/04/17 AS SECURITY DEPOSIT_
                        $ _____ _25,000.00 required by 07/04/17 AS PAST DUE RENT FOR JUNE and July 2017_
                        $ _____ _13,500.00 required by 07/04/17 AS RENT FOR THE MONTH OF AUGUST 2017_
   Total Due:           $ _____ _63,500.00_
   (II) If applicable, check, money order, draft or instrument, shall be made payable to: _CHARLES STREET INVESTMENTS INC._
   (III) Rent shall be delivered to: _SHAHID NAEEM (PROPERTY MANAGER)_ _____ (specific individual)
   whose phone number is _(310)193-3979_, at _4371 VANALDEN AVE. TARZANA, CA 91356_
   _____ (Address)
   (iv) ☒ Rent may be delivered in person between the hours of _10 AM - 6PM_ on the following days: _MONDAY - SATURDAY_.
OR
2. Vacate the Premises and surrender possession.
If you do not perform, cure the breach, or give up possession by the required time, a legal action will be filed seeking not only
damages and possession, but also a statutory damage penalty of up to $600.00 (California Code of Civil Procedure § 1174).
NOTICE: Pursuant to California Civil Code, § 1785.26, you are hereby notified that a negative credit report reflecting on your
credit record may be submitted in the future to a credit reporting agency if you fail to fulfill the terms of your rental/credit
obligations. Landlord declares a forfeiture of the lease if: (i) you do not perform as specified in paragraph 1; or (ii) the breach
of your rental agreement is not cured and you continue to occupy the Premises.

Landlord _____ Date _July 28, 2017_
(Owner or Agent) _FOR CHARLES STREET INVESTMENTS INC._
Address _13850 VENTURA BLVD. #193_ City _TARZANA_ State _CA_ Zip _91356_
Telephone _(818)711-3293_ Fax _____ E-mail _____
3. DELIVERY OF NOTICE/PROOF OF SERVICE:
   This Notice was served by _____ Anging _____, on _July 28, 2017_ (date)
   In the following manner: (If mailed, a copy was mailed at _____ (Location))
   A. ☐ Personal service. A copy of the Notice was personally delivered to the above named Tenant.
   B. ☐ Substituted service. A copy of the Notice was left with a person of suitable age and discretion at the Tenant's
         residence or usual place of business and a copy was mailed to the Tenant at the Premises.
   C. ☒ Post and mail. A copy of the Notice was affixed to a conspicuous place on the Premises and a copy was
         mailed to the Tenant at the Premises.

_____ _July 28, 2017_
(Signature of person serving Notice) (Date)
_Anging_
(Print Name)

(Keep a copy for your records.)
© 2016, California Association of REALTORS®, Inc. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO
REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE
PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020 | Reviewed by _____ |

PCQ REVISED 12/16 (PAGE 1 OF 1)
NOTICE TO PERFORM COVENANT (CURE) OR QUIT (PCQ PAGE 1 OF 1)

Shahid Naeem, PO Box 570542 Tarzana, CA 91357                      Phone: (818)714-2900    Fax: (310)889-7984    CHARLES
Shahid Naeem                 Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

# PRIORITY
## ★ MAIL ★



**UNITED STATES POSTAL SERVICE.**

Retail

**P** US POSTAGE PAID
## $6.65

Origin: 91356
Destination: 91356
0 Lb 1.80 Oz
Jul 28, 17
057722018S-06          1006

**PRIORITY MAIL ®1-Day**

Expected Delivery Day: 07/29/2017     C008

### USPS TRACKING NUMBER

9505 5156 3945 7209 0704 46

P S 0 0 0 0 1 0 0 0 0 1 4     EP14F July 2013
OD: 12.5 x 9.5

## PRIORITY
### ★ MAIL ★

**UNITED STATES POSTAL SERVICE ®**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: CHARLES St. INVESTMENTS

18653 VENTURA BLVD # 193

TARZANA. CA 91356

**TO:**
ARKADY & SVETLANA
BUZIN   BUZINA
19237 CHARLES St.
TARZANA, CA. 91356

Label 228, March 2016     FOR DOMESTIC AND INTERNATIONAL USE

## VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**UNITED STATES POSTAL SERVICE.**

This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

# Exhibit J

LAW OFFICES OF

# GREBOW & RUBIN LLP

16133 VENTURA BOULEVARD, SUITE 260 • ENCINO, CALIFORNIA 91436
TELEPHONE: (818) 783-1100 • FACSIMILE: (818) 783-1103
WWW.GREBOWRUBINLAW.COM

August 3, 2017

*SENT VIA CERTIFIED MAIL*
 *RETURN RECEIPT REQUESTED*
*AND REGULAR U.S. MAIL*

Charles Street Investments, Inc.
Charles Street LLC.
Shahid Naeem
Inaam Rasheed Naeem
Access Group International, Inc.
*(See Attached Service List)*

> Re:    Property Located at 19237 Charles Street, Tarzana, CA 91356
> Our File No.: 60047

Dear Mssrs. Naeem:

Our office represents Svetalana Buzina and Arkady Buzin (hereinafter the "Buzins") concerning the property located at 19237 Charles Street, Tarzana, CA 91356 (hereinafter the "Property").

On April 9, 2017, through the representation of Shahid Naeem, as their broker, the Buzins entered into a home Purchase Agreement, and on or about April 14, 2017, entered into an Equity Sharing Addendum to said Purchase Agreement, with Inaam Rasheed Naeem of Charles Street LLC, and its assigns. We understand that Inaam Rasheed Naeem and Charles Street Investment, Inc., a Wyoming Corporation, is the successor in interest of Charles Street, LLC, and holds record title to the Property.

During the course of this sales transaction, Charles Street, LLC, and Shahid Naeem, took unlawful advantage of the Buzins, who were in financial distress within the meaning of and in violation of *California Civil Code* §1695, *et seq*. Specifically, there were multiple fraudulent representations and intimidation. The Buzins were required to sign agreements without providing them with all appropriate disclosures required under the *California Civil Code* §1695, *et seq*. As a consequence of the misrepresentations and intimidation, the Buzins sold the Property without obtaining any of the equity in the

Mssrs. Naeem
August 3, 2017
Page 2

home that would allow them to move from the Property. As a consequence, the transaction is voidable pursuant to *California Civil Code* §1695, *et seq*.

Since the closing of the escrow, Shahid Naeem has cut-off communications with the Buzins unless they signed a General Release. Recently, our clients received a document titled Notice of Breach of Agreement, as well as a document titled Notice to Perform Covenant (Cure) or Quit seeking the payment of $62,500.00. Please provide to us a copy of the documents, which reflect the monetary obligations set forth in the Notice. We are also aware of efforts to gain permission for entry into the Property for purposes of showing the Property to allegedly prospective purchasers.

Our clients have been left in the position of being victims of unreasonable commercial practices in this transaction. We are enclosing a copy of the Notice of Rescission that we have been authorized to immediately record with the County Recorder's office.

Please respond to this letter within ten (10) days to indicate whether or not you are agreeable to discussing a resolution of the claims by the Buzins against Charles Street, LLC, Charles Street Investments, Inc., Inaam Rasheed Naeem, and Shahid Naeem. You may direct any questions you may have about this letter to the undersigned who can be reached at the address and telephone number listed above.

Very truly yours,

JULIE H. RUBIN

AG:sr
Encl.

cc:    Svetlana Buzina
       Arkady Buzin

Mssrs. Naeem
August 3, 2017
Page 3


Charles Street Investments, Inc.
c/o Registered Agents, Inc.
412 Main Street, Suite 1000
Buffalo, Wyoming 82834

Charles Street Investments, Inc.
c/o Inaam Rasheed Naeem
18653 Ventura Blvd., #193
Tarzana, CA 91357

Charles Street, LLC
c/o Inaam Naeem
4371 Vanalden Ave.
Tarzana, CA 91356

Inaam Rasheed Naeem
4371 Vanalden Ave.
Tarzana, CA 91356

Shahid Naaem
4371 Vanalden Ave.
Tarzana, CA 91356

Shahid Naaem
Post Office Box 570843
Tarzana, CA 91357

Access Group International, Inc.
c/o Shahid Naaem, CEO
19237 Charles Street, 6th Floor
Beverly Hills, CA 90212

Access Group International, Inc.
c/o Shahid Naaem, CEO
9720 Wilshire Blvd.
Beverly Hills, CA 90212

**RECORDING REQUESTED BY:**
GREBOW & RUBIN, LLP

**When Recorded Mail Document To:**
Grebow & Rubin, LLP
16133 Ventura Boulevard, Suite 260
Encino, California 91436

APN: 2176-005-023

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF RESCISSION

To:    Charles Street LLC, Charles Street Investment, Inc., a Wyoming Corporation, Inaam Rasheed Naeem and Shahid Naeem, Access Group International, Inc., Boulevard Escrow Services, Inc., a California Corporation, Property ID Title Company

On January 11, 2017, which is the date a Notice of Default respecting the following described real property was recorded, the undersigned was the record title owner of residential property commonly known as 19237 Charles Street, located in the City of Tarzana, County of Los Angeles, State of California, and more particularly described in Exhibit "A" attached hereto ("the Property").

On April 17, 2017, which is the date a Notice of Trustee's Sale, set for 05/08/2017, respecting the Property was recorded, the undersigned was the record title owner of residential property commonly known as 19237 Charles Street, located in the City of Tarzana, County of Los Angeles, State of California, and more particularly described in Exhibit "A" attached hereto.

On April 9, 2017, the undersigned entered into a home Purchase Agreement, and on or about April 14, 2017, the undersigned further entered into an Equity Sharing Addendum to said Purchase Agreement with Charles Street LLC, who was the equity purchaser under that contract, incident to the sale of the Property in foreclosure. As of the date of this notice, Inaam Rasheed Naeem and Charles Street Investment, Inc. a Wyoming Corporation is the successor in interest of Charles Street, LLC, holds record title to the Property, and is not a good faith purchaser or encumbrancer for value as described in California Civil Code §1695.14(c).

During the course of this sales transaction, Charles Street, LLC, and the broker/real estate agent, Shahid Naeem, for both the buyer and seller took unconscionable advantage of the undersigned, within the meaning of and in violation of California Civil Code §1695.13, by and through the broker/real estate agent, Shahid Naeen who made multiple fraudulent representations as well as required that the undersigned sign agreements without all appropriate disclosures as required under the California Civil Code §1695, *et seq.*. Therefore, pursuant to California Civil Code §1695.14, the undersigned hereby rescinds the above transaction and demands reconveyance of title to the Property free and clear of any encumbrances subsequent to that transaction, within 20 days after the delivery of this notice.

The undersigned offers to return all of the consideration the undersigned received under the above contract on condition that the title to the Property be reconveyed as demanded in this notice.

Date: __July 25, 2017__

_____
Arkady Buzin

_____
Svetlana Buzina

APN: 2176-005-023

# EXHIBIT "A"

THAT PORTION OF LOT 75 OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27, PAGE 55 ET SEQ. OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINTIN THE EASTERLY LINE OF VANALDEN AVENUE, 60 FEET WIDE, AS SHOWN ON THE MAP OF TRACT NO. 8200, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MA? RECORDED IN BOOK 114, PAGE 62 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AT THE MOST NORTHERLY CORNER OF THE LAND CONVEYED TO A. P. BRANDENBERG AND PEGGY BRANDENBERG, BY DEED RECORDED ON MAY 8, 1945 IN BOOK 21924, PAGE 302, OFFICIAL RECORDS, SAID MOST NORTHERLY CORNER BEING AT THE INTERSECTION OF THE EASTERLY LINE OF VANALDEN AVENUE WITH THE CENTER LINE OF THAT CERTAIN 60 FOOT STRIP SHOWN ON THE MAP FILED IN BOOK 49, PAGE 41 OF RECORD OF SURVEY'S; THENCE FROM SAID POINT OF BEGINNING NORTH 27a 41' 15" EAST 78.87 FEET ALONG SAID EASTERLY LINE OF VANALDEN AVENUE; THENCE LEAVING SAID EASTERLY LINE, SOUTH 62a 56' 14" EAST 200 FEET; THENCE SOUTH 41° 04' 42" EAST 78.09 FEET; THENCE SOUTH 54° 17' 29" WEST 75.40 FEET; THENCE SOUTH 39° 42' 42" WEST 144.87 FEET TO A POINT ON A CURVE CONCAVE NORTHEASTERLY AND HAVING A RADIUS OF 450 FEET, IN THE CENTER LINE OF SAID 60 FOOT STRIP, A RADIAL BEARING AT SAID POINT BEING SOUTH 53° 55' 57" WEST; THENCE NORTHWESTERLY ALONG SAID CURVE AND CENTER LINE A DISTANCE OF 103 57 FEET TO THE END OF SAID CURVE; THENCE TANGENT TO SAID CURVE, NORTH 22° 52' 50" WEST 157.92 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM: THAT PORTION OF SAID LOT 75 DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST SOUTHERLY CORNER OF PARCEL 8 OF PARCEL MAP L.A. NO. 2590 AS PER MAP FILED IN BOOK 49, PAGE 9 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, THENCE NORTH 41° 04' 42" WEST 66.83 FEET; THENCE NORTH 62°56'14" WEST 20.95 FEET; THENCE SOUTH 11° 06' 55" EAST 13.50 FEET; THENCE SOUTH 16° 15' 36" WEST 21.83 FEET; THENCE SOUTH 21° 38' 15" WEST 10.96 FEET; THENCE SOUTH 36° 28' 50" EAST 64.75 FEET; THENCE NORTH 54° 17' 29" EAST 48.07 FEET; THENCE NORTH 41° 04' 42" WEST 11.26 FEET TO THE POINT OF BEGINNING.

APN: 2176-005-023

APN: 2176-005-023

# EXHIBIT "B"

**RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO
NAME: GREBOW & RUBIN
ADDRESS:**    16133 VENTURA BOULEVARD, SUITE 260
ENCINO, CALIFORNIA 91436
TEL: (818) 783-1100
FAX: (818) 783-1103
E-MAIL: jrubin@grebowrubinlaw.com

## COPY OF GRANT DEED

**Recording #:**    20170504869

**APN #:**    2176-005-023

**Property A.K.A.:** 19237 Charles Street. Tarzana, California 91356

APN: 2176-005-023

NOTICE OF RESCISSION

**This page is part of your document - DO NOT DISCARD**



## 20170504869



**Pages:**
**0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**05/05/17 AT 03:20PM**

| | |
|---|---|
| FEES: | 45.00 |
| TAXES: | 10,080.00 |
| OTHER: | 0.00 |
| PAID: | 10,125.00 |

**PCOR SURCHARGE $20.00**



**L E A D S H E E T**



201705053310027

00013684849

008312856

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

RECORDING REQUESTED BY:
Property ID Title

AND WHEN RECORDED MAIL TO:

CHARLES STREET INVESTMENTS
18653 Ventura Blvd #193
Tarzana, CA  91346

|  |  |
|---|---|
| **Title Order No.:** 17-12307 | THIS SPACE FOR RECORDER'S USE ONLY:<br>**Escrow No.:** 003018-SL |
| **AP#:** 2176-005-023 | **GRANT DEED** |

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
        **DOCUMENTARY TRANSFER TAX is $1,980.00   CITY TRANSFER TAX $8,100.00**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Los Angeles AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Arkady Buzin and Svetlana Buzina, Husband and Wife as Joint Tenants**

hereby GRANT(s) to:

**Charles Street Investments Inc., a Wyoming Corporation**
the real property in the City of Los Angeles, County of Los Angeles, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
**Also Known as:** 19237 Charles Street, Los Angeles (Area of Tarzana), CA  91356

Dated May 4, 2017

Arkady Buzin

Svetlana Buzina

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF  LOS ANGELES
On  5/11/2017  before me,  Sally Lucero  A Notary Public personally
appeared  ARKADY BUZIN + SVETLANA BUZINA  who proved to me on the
basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.
WITNESS my hand and official seal.

Signature _____  (Seal)

SALLY LUCERO
Notary Public – California
Los Angeles County
Commission # 2185524
My Comm Expires Mar 24, 2021

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE:

## EXHIBIT "A"

THAT PORTION OF LOT 75 OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27, PAGE 55 ET SEQ. OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE EASTERLY LINE OF VANALDEN AVENUE, 60 FEET WIDE, AS SHOWN ON THE MAP OF TRACT NO. 8200, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 114, PAGE 62 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AT THE MOST NORTHERLY CORNER OF THE LAND CONVEYED TO A. P. BRANDENBERG AND PEGGY BRANDENBERG, BY DEED RECORDED ON MAY 8, 1945 IN BOOK 21924, PAGE 302, OFFICIAL RECORDS, SAID MOST NORTHERLY CORNER BEING AT THE INTERSECTION OF THE EASTERLY LINE OF VANALDEN AVENUE WITH THE CENTER LINE OF THAT CERTAIN 60 FOOT STRIP SHOWN ON THE MAP FILED IN BOOK 49, PAGE 41 OF RECORD OF SURVEY'S; THENCE FROM SAID POINT OF BEGINNING NORTH 27° 41' 15" EAST 78.87 FEET ALONG SAID EASTERLY LINE OF VANALDEN AVENUE; THENCE LEAVING SAID EASTERLY LINE, SOUTH 62° 56' 14" EAST 200 FEET; THENCE SOUTH 41° 04' 42" EAST 78.09 FEET; THENCE SOUTH 54° 17' 29" WEST 75.40 FEET; THENCE SOUTH 39° 42' 42" WEST 144.87 FEET TO A POINT ON A CURVE CONCAVE NORTHEASTERLY AND HAVING A RADIUS OF 450 FEET, IN THE CENTER LINE OF SAID 60 FOOT STRIP, A RADIAL BEARING AT SAID POINT BEING SOUTH 53° 55' 57" WEST; THENCE NORTHWESTERLY ALONG SAID CURVE AND CENTER LINE A DISTANCE OF 103.57 FEET TO THE END OF SAID CURVE; THENCE TANGENT TO SAID CURVE, NORTH 22° 52' 50" WEST 157.92 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM: THAT PORTION OF SAID LOT 75 DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST SOUTHERLY CORNER OF PARCEL B OF PARCEL MAP L.A. NO. 2590 AS PER MAP FILED IN BOOK 49, PAGE 9 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, THENCE NORTH 41° 04' 42" WEST 66.83 FEET; THENCE NORTH 62° 56' 14" WEST 20.95 FEET; THENCE SOUTH 11° 06' 55" EAST 13.50 FEET; THENCE SOUTH 16° 15' 36" WEST 21.83 FEET; THENCE SOUTH 21° 38' 15" WEST 10.96 FEET; THENCE SOUTH 36° 28' 50" EAST 64.75 FEET; THENCE NORTH 54° 17' 29" EAST 48.07 FEET; THENCE NORTH 41° 04' 42" WEST 11.26 FEET TO THE POINT OF BEGINNING.

APN: 2176-005-023

17-12307

APN: 2176-005-023

DATED:

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of _Los Angeles_ )

On 67/25/17 before me, _Mary Weisshaw_____, a Notary Public, personally appeared _Arkgous Buzin + Sretlaya Buzina_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature ________ (Seal)

MARY WEISSHAR
Commission # 2035518
Notary Public - California
Los Angeles County
My Comm. Expires Aug 26, 2017

NOTICE OF RESCISSION

# Exhibit K

This page is part of your document - DO NOT DISCARD



## 20170941329



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**08/18/17 AT 04:17PM**

Pages:
0005

| | |
|---|---|
| FEES: | 27.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 27.00 |



LEADSHEET



201708183250071

00014128492



008535002

SEQ:
01

DAR - Courier (Upfront Scan)

THIS FORM IS NOT TO BE DUPLICATED

E548178

**RECORDING REQUESTED BY:**
GREBOW & RUBIN, LLP

**When Recorded Mail Document To:**
Grebow & Rubin, LLP
16133 Ventura Boulevard, Suite 260
Encino, California 91436


08/18/2017

*20170941329*

APN: 2176-005-023

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF RESCISSION OF GRANT DEED
### RECORDED PURSUANT TO HOME EQUITY SALES CONTRACT
### California Civil Code §1695.14

To: Charles Street LLC, an unknown entity; Charles Street Investment, Inc., a Wyoming Corporation, Inaam Rasheed Naeem and Shahid Naeem, Access Group International, Inc., and all persons and entities claiming any rights of ownership, liens, mortgages or other beneficial interests in the residential real property, located at 19237 Charles Street, located in the City of Tarzana, County of Los Angeles, State of California, and more particularly described in Exhibit "A" attached hereto ("the Property").

YOU AND EACH OF YOU SHALL HEREBY TAKE NOTICE that ARKADY BUZIN and SVETLANA BUZINA as grantors under that certain Grant Deed in favor of CHARLES STREET INVESTMENTS, INC., a Wyoming Corporation, recorded May 5, 2017, as Instrument No. 20170504869, of Official Records of Los Angeles County, California, does hereby rescind such Grant Deed recorded May 5, 2017 as Instrument No. 20170504869 and the unrecorded sales transaction which gave rise to such deed, on the grounds set forth in California Civil Code §§ 1690 -1695.17, et seq., including but not limited to California Civil Code §1695.14.

On January 11, 2017 and April 17, 2017, which are the dates a Notice of Default Notice of Trustee's Sale, set for 05/08/2017 respecting the Property were recorded, respectively, the undersigned was the record title owner of the Property in foreclosure.

On April 9, 2017, the undersigned entered into a home Purchase Agreement, and on or about April 14, 2017, the undersigned further entered into an Equity Sharing Addendum to said Purchase Agreement with Charles Street LLC, who was the equity purchaser under that contract, incident to the sale of the Property in foreclosure. As of the date of this notice, Inaam Rasheed Naeem and Charles Street Investment, Inc. a Wyoming Corporation is the successor in interest of Charles Street, LLC, holds record title to the Property, and is not a good faith purchaser or encumbrancer for value as described in California Civil Code §1695.14(c).

During the course of the sales transaction, Charles Street, LLC, and the broker/real estate agent, Shahid Naeem, for both the buyer and seller, took unconscionable advantage of the undersigned, within the meaning of and in violation of California Civil Code §1695.13, by and through multiple fraudulent representations as well as required that the undersigned sign agreements without all appropriate disclosures as required under the California Civil Code §1695, et seq.. Therefore, pursuant to California Civil Code §1695.14, the undersigned hereby rescinds the above transaction and demands reconveyance of title to the Property free and clear of any encumbrances subsequent to that transaction, within 20 days after the delivery of this notice. Failure to comply with the foregoing shall subject the offending parties to all sanctions available under law.

Mail Tax Statements to Return Address Above

APN: 2176-005-023

The undersigned offers to return all of the consideration the undersigned received under the above contract on condition that the title to the Property be reconveyed as demanded in this notice.

Date: August 14, 2017

_____
Arkady Buzin

_____
Svetlana Buzina

NOTICE OF RESCISSION

APN: 2176-005-023

## EXHIBIT "A"

THAT PORTION OF LOT 75 OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27, PAGE 55 ET SEQ. OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE EASTERLY LINE OF VANALDEN AVENUE, 60 FEET WIDE, AS SHOWN ON THE MAP OF TRACT NO. 8200, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MA? RECORDED IN BOOK 114, PAGE 62 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AT THE MOST NORTHERLY CORNER OF THE LAND CONVEYED TO A. P. BRANDENBERG AND PEGGY BRANDENBERG, BY DEED RECORDED ON MAY 8, 1945 IN BOOK 21924, PAGE 302, OFFICIAL RECORDS, SAID MOST NORTHERLY CORNER BEING AT THE INTERSECTION OF THE EASTERLY LINE OF VANALDEN AVENUE WITH THE CENTER LINE OF THAT CERTAIN 60 FOOT STRIP SHOWN ON THE MAP FILED IN BOOK 49, PAGE 41 OF RECORD OF SURVEY'S; THENCE FROM SAID POINT OF BEGINNING NORTH 27a 41' 15" EAST 78.87 FEET ALONG SAID EASTERLY LINE OF VANALDEN AVENUE; THENCE LEAVING SAID EASTERLY LINE, SOUTH 62a 56' 14" EAST 200 FEET; THENCE SOUTH 41° 04' 42" EAST 78.09 FEET; THENCE SOUTH 54° 17' 29" WEST 75.40 FEET; THENCE SOUTH 39° 42' 42" WEST 144.87 FEET TO A POINT ON A CURVE CONCAVE NORTHEASTERLY AND HAVING A RADIUS OF 450 FEET, IN THE CENTER LINE OF SAID 60 FOOT STRIP, A RADIAL BEARING AT SAID POINT BEING SOUTH 53° 55' 57" WEST; THENCE NORTHWESTERLY ALONG SAID CURVE AND CENTER LINE A DISTANCE OF 103.57 FEET TO THE END OF SAID CURVE; THENCE TANGENT TO SAID CURVE, NORTH 22° 52' 50" WEST 157.92 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM: THAT PORTION OF SAID LOT 75 DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST SOUTHERLY CORNER OF PARCEL 8 OF PARCEL MAP L.A. NO. 2590 AS PER MAP FILED IN BOOK 49, PAGE 9 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, THENCE NORTH 41° 04' 42" WEST 66.83 FEET; THENCE NORTH 62°56'14" WEST 20.95 FEET; THENCE SOUTH 11° 06' 55" EAST 13.50 FEET; THENCE SOUTH 16° 15' 36" WEST 21.83 FEET; THENCE SOUTH 21° 38' 15" WEST 10.96 FEET; THENCE SOUTH 36° 28' 50" EAST 64.75 FEET; THENCE NORTH 54° 17' 29" EAST 48.07 FEET; THENCE NORTH 41° 04' 42" WEST 11.26 FEET TO THE POINT OF BEGINNING.

APN: 2176-005-023

APN: 2176-005-023

DATED: 08/14/2017

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of _Los Angeles_ )

On 08/14/2017 before me, _Manifa Tamrazians_, a Notary Public, personally appeared _Arkady Buzin and Svetlana Buzina_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

MANIFA TAMRAZIANS
COMMISSION #2190044
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Commission Expires April 07, 2021

NOTICE OF RESCISSION

## AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by GREBOW & RUBIN, LLP, 16133 Ventura Boulevard, Suite 260, Encino, California 91436 ("the firm").

On November 22, 2017, I served the within document(s) described as: **FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HOME EQUITY SALES CONTRACT ACT; 3. DAMAGES FOR VIOLATION OF HOME EQUITY SALES CONTRACT ACT; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW** on the interested parties in this action:

☒ by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)
☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

Saman Benhnam, Esq.
Law Offices of Saman Behnam
354 W. Ocean Blvd.
Long Beach, CA 90802-4324
Phone: (562) 436-1500
Fax: (562) 436-1500
Email: behnamlaw@yahoo.com
*Defendants Charles Street Investments Inc., Inaam Naeem and Shahid Naeem*

Darren Paul Trone, Esq.
Law Offices of Darren P. Trone
3838 Orange Street
Riverside. CA 92502.
Phone: (951) 686-2975
Fax: (951) 686-2977
Email: dtrone@tronelaw.com
*Defendant Cardenas Three, LLC*

Jacky P. Wang, Esq.
North American Title Law Group
A Division of North American Title Insurance Company
711 West Kimberly Avenue, Suite 200
Placentia, CA 92870
Tel: (657) 216-6560
Fax: (714) 784-4233
Email: jwang@natic.com
*Co-Defense Counsel for Defendant Cardenas Three, LLC*

60047 20171121 1STAMCOMPLAINT.docx                    30

FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW

**BY MAIL** (C.C.P. § 1013(a))–I deposited such envelope(s) for processing in the mailroom in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Encino, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

(State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 22, 2017, at Encino, California.

_Stephanie Rossi_
STEPHANIE ROSSI

60047 20171121 1STAMCOMPLAINT.docx                31

**FIRST AMENDED VERIFIED COMPLAINT FOR: 1. QUIET TITLE; 2. RESCISSION UNDER HESCA; 3. DAMAGES FOR VIOLATION OF HESCA; 4. FRAUD; 5. BREACH OF FIDUCIARY DUTY; 6. BREACH OF CONTRACT; 7. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING and 8. VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW**